T.C. Memo. 1997-15


UNITED STATES TAX COURT


MARK J. VORWALD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26410-95.                    Filed January 8, 1997.


Mark J. Vorwald, pro se.

<u>Fred E. Green, Jr.</u>, for respondent.


MEMORANDUM OPINION


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1992 Federal income tax in the amount of $2,119.30, and an addition to tax pursuant to section 6651(a) in the amount of $529.83.

The issues for decision are: (1) Whether petitioner must include in income as a distribution from his individual retirement account the amount transferred therefrom to his former spouse in a garnishment proceeding; and, if so, (2) whether the distribution is subject to the additional tax imposed by section 72(t). During the trial respondent's counsel conceded the addition to tax and advised the Court that the deficiency determined in the notice was overstated inasmuch as it failed to take into account the allowance of the standard deduction.

Background

Some of the facts have been stipulated, and they are so found. Petitioner filed his 1992 Federal income tax return on June 15, 1995. He was single as of the close of 1992 and resided in Buellton, California, at the time that the petition was filed.

In 1986, petitioner opened an individual retirement account (IRA) at the Deer Valley Federal Credit Union in Phoenix, Arizona (Deer Valley). The history of petitioner's contributions to the IRA is unknown. As of March 18, 1992, there was at least $8,483.25 in the account.

On or about September 4, 1991, a judgment in the amount of $10,670.24 was entered against petitioner in favor of his former spouse, Kathleen J. Vorwald, for arrearages in child support

payments. In a subsequent garnishment proceeding, on or about March 18, 1992, Kathleen J. Vorwald was awarded a judgment in the amount of $8,483.25 against Deer Valley. Pursuant to this judgment, Deer Valley was ordered to transfer $8,483.25 from the IRA to Kathleen J. Vorwald, which transfer apparently took place during 1992.

Petitioner did not become aware that his former spouse garnished his IRA until he was so notified by respondent during the course of the examination that eventually led to this proceeding.

In the notice of deficiency, respondent determined that the amount paid to Kathleen J. Vorwald by Deer Valley from the IRA pursuant to the garnishment proceeding constitutes a distribution to petitioner that is includable in his 1992 income. Respondent further determined that the distribution is subject to the additional tax imposed by section 72(t).

Discussion

We first consider whether under the circumstances present in this case, the transfer of the funds from the IRA to petitioner's former spouse is tantamount to a distribution from the IRA to petitioner. For the following reasons, we find that it is.

Because the transfer of funds from the IRA to petitioner's former spouse at least partially discharged a legal obligation he owed to her, the transfer to her is the equivalent of receipt by him. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 729

(1929); see Poczatek v. Commissioner, 71 T.C. 371, 378 (1978). We note that had petitioner voluntarily assigned his interest in the IRA to his former spouse in connection with the debt that he owed to her, the assignment would be deemed a distribution. Sec. 1.408-4(a)(2), Income Tax Regs. Furthermore, a taxpayer cannot avoid the Federal income tax consequences resulting from a particular transaction by transferring the proceeds of the transaction to a creditor in satisfaction of a debt. As noted by the Supreme Court in Helvering v. Horst, 311 U.S. 112, 116 (1940):

> If the taxpayer procures payment directly to his creditors of the items of interest or earnings due him, * * * [citations omitted] he does not escape taxation because he did not actually receive the money.

We understand that unlike the transfer involved in Helvering v. Horst, supra, or contemplated by the above regulation, the transfer in this case was hardly "voluntary"; however, we attach no significance to such a distinction. We consider the transfer to petitioner's spouse to constitute a distribution to petitioner.

Distributions from an IRA are includable in income in accordance with section 72. Sec. 408(d). The distribution was not received by petitioner as an annuity; consequently, the provisions of section 72(e) are applicable. Consistent with the presumption of correctness applicable to respondent's determination, Welch v. Helvering, 290 U.S. 111, 115 (1933), and

because there is no evidence in the record that petitioner made nondeductible contributions to the IRA, we must assume that his tax basis in the IRA was zero. Sec. 1.408-4(a)(2), Income Tax Regs. It follows that he can be given no credit for any investment in the IRA, within the meaning of section 72(e)(6) and 72(e)(3)(A)(ii). We also note that petitioner makes no argument, and nothing in the record suggests, that the provisions of section 408(d)(6) and section 1.408-4(g), Income Tax Regs., relating to transfers between spouses or former spouses, have application in this case. Consequently, the entire amount of the distribution is allocated to, and must be included in, petitioner's income. Sec. 72(e)(3)(A); sec. 1.408-4(a)(1), Income Tax Regs. Accordingly, respondent's adjustment increasing petitioner's income by the IRA distribution is sustained.

The IRA is a qualified retirement plan within the meaning of section 72(t). Sec. 4974(c)(4). Section 72(t)(1) imposes an additional tax equal to 10 percent of the portion of any distribution from a qualified retirement plan that is includable in the taxpayer's gross income. Several exceptions to the imposition of the additional tax are enumerated in section 72(t)(2). Petitioner has presented neither evidence nor argument in support of the application of any of the exceptions, and we are satisfied that none apply. Accordingly, the additional tax imposed by section 72(t) is applicable to the distribution, and respondent's determination in this regard is sustained.

- 6 -

To reflect the foregoing, including the allowance of the standard deduction not previously taken into consideration, and respondent's concession,

Decision will be

entered under Rule 155.