T.C. Summary Opinion 2005-103


UNITED STATES TAX COURT


BASMAN AHMAD AND KHITAM AMERNEH, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 266-04S.          Filed July 25, 2005.


Basman Ahmad and Khitam Amerneh, pro se.

John W. Strate, for respondent.


    COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

_____

    [1]Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue.

Respondent determined a deficiency in petitioners' Federal income tax for 2001 in the amount of $8,388.10. The deficiency is attributable to the 10-percent additional tax under section 72(t) for an early distribution from a qualified retirement plan. The sole issue, therefore, is whether petitioners are liable under section 72(t). The distribution was from petitioner Basman Ahmad's (Mr. Ahmad) qualified retirement plan.

Some of the facts were stipulated and are incorporated herein. At the time the petition was filed, petitioners resided in Barstow, California.

In 1984, Mr. Ahmad, a native of Jordan, moved to the United States where he received a bachelor's degree in civil engineering from the University of Toledo in 1990. Following graduation, Mr. Ahmad was employed as a civil engineer by the Ohio Department of Transportation. During his nearly 11 years of service, Mr. Ahmad accumulated over $83,000 in the Ohio Public Employees Retirement System (PERS). Mr. Ahmad married his first wife, Amal Ahmad (Ms. Ahmad) in 1991. The couple lived at 3518 Angola Road (Angola Road property), Toledo, Ohio, for the duration of their marriage. According to petitioners, the residence was titled in the name of Mr. Ahmad's brother, Basem Sulieman (Mr. Sulieman), because Mr. Sulieman had provided the purchase price.

In 1997, Mr. Ahmad received a master's degree and began to pursue a Ph.D. in civil engineering at the University of Toledo.

Mr. Ahmad was enrolled in the program until 2002, when the university notified him that he had not passed a written examination.

In 1998, Ms. Ahmad obtained a divorce from Mr. Ahmad in a Jordanian court. Mr. Ahmad married his second wife, Khitam Amerneh, in 1999, and petitioners had their first child in February 2000. In November 2000, Ms. Ahmad was granted a divorce in the United States by the Court of Common Pleas in Lucas County, Ohio (Court of Common Pleas). The Court of Common Pleas awarded Ms. Ahmad alimony and found that the Angola Road property and Mr. Ahmad's PERS pension constituted marital property subject to division. The divorce decree does not indicate that the Court of Common Pleas considered the fact that Mr. Ahmad had a new wife and child to support. During the divorce proceedings, a lender foreclosed on a mortgage attached to the Angola Road property, and Mr. Ahmad eventually lost the property.

Petitioners moved to California in 2000, where Mr. Ahmad has since worked for the California Department of Transportation. Mr. Ahmad testified that in 2001 he worked 8 hours per day and earned over $50,000. In 2001, an early distribution of $83,881 was received by Mr. Ahmad from his PERS pension. Mr. Ahmad wired the distribution proceeds, after $16,776 of Federal income tax was withheld, to Mr. Sulieman to reimburse him for the loss from the foreclosure of the Angola Road property.

On their joint Federal income tax return for 2001, petitioners reported as gross income the $83,881 retirement distribution.  Petitioners included with their 2001 tax return Form 5329, Additional Taxes on Qualified Plans (Including IRAs), and Other Tax-Favored Accounts, on which they listed the $83,881 retirement plan distribution but elected on Form 5329 that the distribution was not subject to the early withdrawal tax under section 72(t).  Respondent, in the notice of deficiency, determined that the $83,881 early distribution was subject to the additional tax under section 72(t) and determined a deficiency of $8,388.

Section 72(t) imposes a 10-percent additional tax on early distributions from a qualified retirement plan.  Paragraph (1) provides in relevant part:

> (1)  Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includable in gross income.

The 10-percent additional tax, however, does not apply to certain distributions.  Section 72(t)(2) excepts distributions from the additional tax if the distributions are made:  (1) To an employee age 59-1/2 or older; (2) to a beneficiary (or to the estate of the employee) on or after the death of the employee;

(3) on account of the employee's disability; (4) as part of a series of substantially equal periodic payments made for life; (5) to an employee after separation from service after attainment of age 55; (6) as dividends paid with respect to corporate stock described in section 404(k); (7) to an employee for medical care; or (8) to an alternate payee pursuant to a qualified domestic relations order.

Petitioners contend they do not owe the section 72(t) additional tax for four reasons:

(1) The divorce settlement in 2000 caused financial and emotional hardship.

(2) Mr. Ahmad suffers from fibromyalgia (a rheumatic condition) and chronic fatigue syndrome.

(3) Mr. Ahmad was enrolled as a student at the University of Toledo in 2001.

(4) The divorce court considered Mr. Ahmad's PERS pension as marital property and subject to division.

As to the first argument, petitioners contend that they are not liable for the 10-percent addition to tax because Mr. Ahmad experienced financial and emotional hardship due to the Court of Common Pleas' ignoring his new wife and child in its order. This Court has repeatedly held that we are bound by the specific restrictions contained in section 72(t)(2). See, e.g., Clark v. Commissioner, 101 T.C. 215, 224-225 (1993); Vorwald v.

Commissioner, T.C. Memo. 1997-15. General financial or emotional hardship is not an exception from the section 72(t) additional tax on early retirement plan distributions. Milner v. Commissioner, T.C. Memo. 2004-111. Although the divorce settlement may have been difficult for Mr. Ahmad, general hardship is not one of the enumerated exceptions in section 72(t)(2).

Petitioners also assert that they are not liable for the section 72(t) penalty because Mr. Ahmad suffers from fibromyalgia and chronic fatigue syndrome. Distributions attributable to a disability within the meaning of section 72(m)(7) are exempted from the 10-percent penalty. Sec. 72(t)(2)(A)(iii); Meyer v. Commissioner, T.C. Memo. 2003-12. Under section 72(m)(7), an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or to be of long-continued and indefinite duration. Whether the impairment constitutes a disability is to be determined with reference to all facts in the case. Sec. 1.72-17A(f)(2), Income Tax Regs.

Mr. Ahmad testified that he was employed by the State of California in 2001 and regularly worked 8-hour days. His claimed disabilities evidently did not prevent him from engaging in a gainful activity in 2001. Moreover, Mr. Ahmad wired the proceeds

from the early distribution to Mr. Sulieman to reimburse him for losses associated with the Angola Road property.  There is no evidence in the record that suggests the early distribution was attributable to Mr. Ahmad's afflictions.  Accordingly, the exception in section 72(t)(2)(A)(iii) offers no relief to petitioners.

Petitioners also maintain that the section 72(t) penalty is inapplicable because Mr. Ahmad was a student at the University of Toledo in 2001.  Under section 72(t)(2)(E), the 10-percent addition to tax does not apply to distributions from individual retirement plans for higher education expenses.  An individual retirement plan is an individual retirement account (IRA) or an individual retirement annuity.  Sec. 7701(a)(37).  In this case, Mr. Ahmad received an early distribution from the Ohio PERS, which is a "qualified retirement plan" under section 4974(c).  Freese v. Commissioner, T.C. Memo. 1996-224.  Since Mr. Ahmad received his distribution from a qualified retirement plan rather than an individual retirement plan, the section 72(t)(2)(E) exception is unavailable to petitioners.

Finally, petitioners argue that the section 72(t) penalty should be waived because Mr. Ahmad's PERS pension was considered marital property by the Court of Common Pleas. Payments to alternate payees pursuant to a qualified domestic relations order are not subject to the section 72(t) addition to tax.  Sec.

72(t)(2)(C).  Section 402(e)(1)(A) provides that an "alternate payee" who is the spouse or former spouse of the plan participant shall be treated as the distributee of any distribution or payment made to the "alternate payee" under a "qualified domestic relations order" as defined in section 414(p).  Thus, section 402(e)(1)(A) treats the alternate payee as the distributee, and the alternate payee will be taxable on the distribution.  Here, the marital settlement agreement is not a qualified domestic relations order and does not designate an alternate payee.  Furthermore, the distribution in question is a distribution to Mr. Ahmad himself, the plan participant.  As the settlement agreement is not a qualified domestic order, and Mr. Ahmad is not an alternate payee, the exception in section 72(t)(2)(C) is inapplicable.

In light of the foregoing, the Court holds that petitioners are liable for the 10-percent additional tax imposed under section 72(t).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.