T.C. Memo. 2009-148


UNITED STATES TAX COURT


JOHN THOMAS WARREN, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21864-06.                    Filed June 24, 2009.


R determined deficiencies in P's 2002, 2003, and
2004 Federal income tax.  R also determined additions
to tax pursuant to sec. 6651(a)(1), I.R.C., for P's
2002 and 2003 tax years and accuracy-related penalties
pursuant to sec. 6662(a), I.R.C., for P's 2002, 2003,
and 2004 tax years.  After R's concessions, the parties
dispute whether P's Federal income tax liabilities were
finally determined in a ch. 13 bankruptcy proceeding.

Held:  P's Federal income tax liabilities were not
finally determined in a ch. 13 bankruptcy proceeding.
P is liable for Federal income tax deficiencies,
additions to tax, and penalties.

John Thomas Warren, pro se.

Laura A. Price, Lauren Epstein, and Robert W. Dillard, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


WHERRY, Judge:  This case is before the Court on a petition for redetermination of Federal income tax deficiencies that respondent determined for petitioner's 2002, 2003, and 2004 tax years.[1]  Respondent also determined additions to tax pursuant to section 6651(a)(1) for petitioner's 2002 and 2003 tax years and accuracy-related penalties pursuant to section 6662(a) for petitioner's 2002, 2003, and 2004 tax years.  After respondent's concessions,[2] the issues remaining for decision are whether petitioner's Federal income tax liabilities were finally determined in a chapter 13 bankruptcy proceeding and whether petitioner is liable for the additions to tax and penalties.

---

[1]All section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax years at issue.  The Rule reference is to the Tax Court Rules of Practice and Procedure.

[2]In the notice of deficiency respondent determined that petitioner had $18,775 in unreported capital gains in 2002 and $50,162 in unreported capital gains in 2003.  At trial respondent's counsel informed the Court that respondent had received evidence of petitioner's basis in stock options that he sold in 2002 and 2003 and that the unreported capital gains should be $983 in 2002 and $4,891 in 2003.  On brief respondent concedes reduced deficiencies for 2002 and 2003 as a result of the substantiated basis.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference into our findings.  On January 5, 2005, petitioner filed a voluntary petition under chapter 13 of the Bankruptcy Code with the Tampa Division of the U.S. Bankruptcy Court for the Middle District of Florida (bankruptcy court).  During the course of those proceedings respondent filed a proof of claim and multiple amended proofs of claim regarding Federal income tax liabilities for tax years including those at issue.[3]  Petitioner objected to respondent's claim but withdrew his objection on February 13, 2006.

The bankruptcy court dismissed petitioner's bankruptcy case in an order dated April 6, 2006.[4]  The bankruptcy court did not discharge any tax liabilities during the course of petitioner's bankruptcy case.

---

[3]While those proceedings were ongoing, petitioner filed his 2002, 2003, and 2004 Federal income tax returns using Forms 1040, U.S. Individual Income Tax Return.  He filed his 2002 return on July 8, 2005.  He filed his 2003 return on Apr. 18, 2005.  He filed his 2004 return on Apr. 15, 2005.

[4]On Dec. 6, 2005, the bankruptcy trustee had filed a motion to dismiss on the ground that petitioner had been delinquent in making payments to the trustee pursuant to the ch. 13 repayment plan that petitioner had filed with his voluntary ch. 13 bankruptcy petition.  The bankruptcy court had reserved ruling on that motion in an order dated Dec. 8, 2005.

Respondent issued petitioner a notice of deficiency on July 26, 2006. The notice of deficiency reflects Federal income tax deficiencies of $7,126 for 2002, $15,221 for 2003, and $21,277 for 2004. Those deficiencies stem from adjustments for the following: (1) Unreported interest income of $60 in 2002 and $17 in 2003; (2) unreported capital gains of $18,775 in 2002 and $50,162 in 2003;[5] (3) disallowed itemized deductions of $566 in 2002, $608 in 2003, and $415 in 2004; (4) disallowed exemptions of $960 in 2002, $3,599 in 2003, and $3,472 in 2004; (5) a disallowed $55,064 deduction for moving expenses in 2004; (6) unreported dividend income of $606 in 2004; (7) $13,069 in section 401(k) plan distributions in 2004;[6] and (8) $1,307 of 10-

---

[5]Respondent has conceded reduced deficiencies attributable to capital gains. See supra note 2.

[6]The notice of deficiency improperly characterized the distributions as coming from an individual retirement account. The distributions apparently comprised some small dividend distributions, a $3,979.90 participant loan distribution during February 2004, and an $8,924.49 distribution in February 2004.

In unreported income cases, the Court of Appeals for the Eleventh Circuit, to which an appeal of the decision in this case would lie absent a stipulation to the contrary, has held that the presumption of correctness applies once the Commissioner introduces some substantive evidence reflecting that the taxpayer received unreported income. See Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), affg. T.C. Memo. 1991-636. If the Commissioner introduces such evidence, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous. Id. Respondent has introduced sufficient evidence reflecting that petitioner received sec. 401(k) plan distributions in 2004. Petitioner does not argue that distributions were not made out of his sec. 401(k)
(continued...)

percent additional tax under section 72(t) for an early distribution from a qualified retirement plan in 2004. It also reflects additions to tax pursuant to section 6651(a)(1) of $1,781.50 and $3,178.50 for petitioner's 2002 and 2003 tax years, respectively, and section 6662 accuracy-related penalties of $1,425.20, $3,044.20, and $4,255.40 for petitioner's 2002, 2003, and 2004 tax years, respectively.

On October 27, 2006, petitioner filed a timely petition with this Court. At the time he filed his petition, petitioner resided in Florida. A trial was held on January 15, 2009, in Tampa, Florida.

OPINION

I. Parties' Contentions

In his petition, petitioner asserts: "As part o [sic] Chapter 13 filing Jan 05 this case came before the Department of treasury. It's my understanding that the cout [sic] was satisfied with my filing and that i [sic] did not owe any additional taxes." Petitioner did not file a pretrial memorandum as was required by the Court's standing pretrial order. And, although he was afforded the opportunity, petitioner did not file a brief.

---

[6](...continued)
plan account that year, only that he should not be taxed on them because they went to his former wife. We address that argument later in this opinion. See infra note 8.

Respondent contends that the bankruptcy court's dismissal "returned petitioner and respondent to the position they were in prior to the filing of the bankruptcy petition" and that respondent may determine additional tax liabilities for the tax years at issue. Respondent asserts that petitioner has not assigned error to any of respondent's determinations and that petitioner is liable for the deficiencies, additions to tax, and penalties.

II. Res Judicata:  Federal Income Tax Deficiencies

A bankruptcy court has jurisdiction to determine "the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. sec. 505(a)(1) (2006). If a bankruptcy court renders a final judgment as to a debtor's tax liability, res judicata may apply to prevent the matter from being relitigated.[7] See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681-684 (1988). If a bankruptcy court does not render a final judgment as to the tax liability, res judicata is inapplicable, the Commissioner is not precluded from determining a deficiency,

---

[7]"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. __, __, 128 S. Ct. 2161, 2171 (2008).

and (assuming we otherwise possess jurisdiction), we can decide the matter. See Hambrick v. Commissioner, 118 T.C. 348, 353 (2002) ("In the present case, there is no indication that the bankruptcy court inquired into the merits of petitioners' tax liability in the process of confirmation. Petitioners did not object to respondent's proof of claim, and there was no need for an 11 U.S.C. sec. 505 hearing to determine the merits of the underlying tax claim. Without a final judgment on the merits, res judicata cannot apply.").

The bankruptcy court dismissed petitioner's case without rendering a final determination as to his 2002, 2003, and 2004 Federal income tax liabilities. Res judicata is therefore inapplicable. Aside from his res judicata argument, petitioner has not assigned error to respondent's deficiency determinations.[8] With the exception of respondent's concession

---

[8]At trial there was some discussion regarding the unreported sec. 401(k) plan distributions in 2004. Petitioner appeared to contend that his former spouse should be required to pay tax on the sec. 401(k) plan distributions because the money was paid to her pursuant to a qualified domestic relations order (QDRO). That contention is unavailing, as petitioner cannot escape the Federal income tax consequences of the withdrawal because the funds were transferred to his wife. See Vorwald v. Commissioner, T.C. Memo. 1997-15 ("Because the transfer of funds from the IRA to petitioner's former spouse at least partially discharged a legal obligation he owed to her, the transfer to her is the equivalent of receipt by him."). We note, however, that any payment to his former spouse might, if it meets certain requirements, constitute deductible alimony. See sec. 215(a) ("In the case of an individual, there shall be allowed as a deduction an amount equal to the alimony or separate maintenance
(continued...)

as to petitioner's basis in stock options sold in 2002 and 2003, we have no ground for finding error in respondent's deficiency determinations.

III.   Section 6651(a)(1) Additions to Tax

Under section 7491(c), the Commissioner bears the burden of production with respect to a taxpayer's liability for penalties or additions to tax.  This means that the Commissioner "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty."  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  In instances where an exception to the penalty or addition to tax is afforded, for example, upon a showing of reasonable cause or substantial authority, the taxpayer bears the burden of "[coming] forward with evidence sufficient to persuade a court that the Commissioner's determination is incorrect."  Id. at 447.

Section 6651(a)(1) imposes an addition to tax of 5 percent per month or a fraction thereof up to a maximum of 25 percent for failure to file a timely return unless it is shown that such

---

⁸(...continued)
payments paid during such individual's taxable year.")  We also note that distributions from qualified retirement plans are not subject to the additional 10-percent tax under sec. 72(t)(1) if they are made pursuant to a QDRO within the meaning of sec. 414(p)(1).  See sec. 72(t)(2)(C).  Unfortunately, we have nothing but petitioner's reference to a QDRO and his naked assertion that the distribution from his sec. 401(k) plan was "associated with my divorce."

failure is due to reasonable cause and not to willful neglect. Respondent has satisfied his burden of production with respect to the section 6651(a)(1) additions to tax for petitioner's 2002 and 2003 tax years. Petitioner filed his 2002 Federal income tax return on July 8, 2005, and he filed his 2003 Federal income tax return on April 18, 2005. He has not even attempted to demonstrate reasonable cause for his failure to file those returns on time. Accordingly, we sustain the additions to tax under section 6651(a)(1).

IV. Section 6662 Penalties

Subsection (a) of section 6662 imposes an accuracy-related penalty equal to 20 percent of any underpayment attributable to a list of causes contained in subsection (b). Among the causes justifying the imposition of the penalty are (1) negligence or disregard of rules or regulations and (2) any substantial understatement of income tax. Sec. 6662(b)(1) and (2). Section 6662(c) defines negligence as "any failure to make a reasonable attempt to comply with the provisions of this title". "[D]isregard" is defined to include "any careless, reckless, or intentional disregard." Id. Under caselaw, "'Negligence is a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967),

affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

There is an exception to the section 6662(a) penalty when a taxpayer can demonstrate (1) reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment.  Sec. 6664(c)(1).  Regulations promulgated under section 6664(c) further provide that the determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances."  Sec. 1.6664-4(b)(1), Income Tax Regs.

On brief respondent asserts that petitioner did not adequately explain why he failed to report stock sales in 2002 and 2003 and distributions from his section 401(k) plan in 2004.

Respondent further asserts that the record contains no evidence to substantiate his claimed $55,064 deduction for moving expenses in 2004.  Petitioner has not attempted to explain his underpayments, let alone demonstrate reasonable cause and good faith with respect to them.  Accordingly, we sustain the section 6662(a) penalties.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.