T.C. Summary Opinion 2010-44

UNITED STATES TAX COURT

JAMES THOMAS COLEGROVE AND SUSAN JANE COLEGROVE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10171-09S.                    Filed April 13, 2010.

James Thomas Colegrove and Susan Jane Colegrove, pro sese.

Randall B. Childs, for respondent.

ARMEN, Special Trial Judge: This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1] Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1] Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2006 Federal income tax of $13,031. After concessions by petitioners,[2] the issues remaining for decision are: (1) Whether petitioners must include in income as a distribution from an individual retirement account a withdrawal of $52,132.27; and, if so, (2) whether petitioners are liable, under section 72(t), for the 10-percent additional tax on an early distribution from a qualified retirement plan. We hold that petitioners must include the $52,132.27 withdrawal in income and that petitioners are liable for the 10-percent additional tax.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioners resided in the State of Florida when the petition was filed.

In 2006, petitioner husband (Mr. Colegrove) worked as a real estate agent for 9 months. Market pressures resulted in a drastic reduction in business, and therefore income, and an increase in overhead and expenses. Eventually Mr. Colegrove was

---

[2] Petitioners concede they received an additional $722 in taxable nonemployee compensation and $50 in taxable dividends in 2006.

able to secure full-time employment with Novartis Pharmaceuticals.

During the period of reduced income, Mr. Colegrove struggled to pay his business expenses, pay the home mortgage, and provide for the living expenses for a family of four. To meet those needs, Mr. Colegrove requested funds from a Rollover Individual Retirement Account he owned at Charles Schwab (the IRA). Mr. Colegrove's intent was that the funds withdrawn would be in the form of a loan and not a distribution.

During 2006 Mr. Colegrove received six distributions from the IRA in the following amounts: $8,500; $2,090.61; $10,000; $10,000; $10,218; and $11,323.66. Under the "Distribution Summary" section of the Charles Schwab account statements for 2006 is an entry for "premature". The IRA's monthly account statements for 2006 show an increase in the gross amount of the year-to-date premature distribution to reflect the amount distributed during that month. The account statement for December 2006 reflects the gross amount of the premature distribution year-to-date as $52,132.27. The monthly account statements also demonstrate that Mr. Colegrove did not make any contributions to the IRA in 2006.

Petitioners timely filed a Form 1040, U.S. Individual Income Tax Return, for 2006. On the return, petitioners did not report the $52,132.27 distribution from the IRA as income and did not

report the 10-percent additional tax on an early distribution under section 72(t), believing the distribution was a loan from the IRA and not an early withdrawal.  In a notice of deficiency, respondent determined, inter alia, that the $52,132.27 distribution from the IRA is includable in income and that petitioners are liable for the 10-percent additional tax on the early distribution pursuant to section 72(t).

## Discussion

In general, the Commissioner's determination as set forth in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners have neither alleged that section 7491(a) applies nor established their compliance with its requirements.[3] Accordingly, petitioners bear the burden of proof.  See Rule 142(a).

---

[3] Regardless of whether the additional tax under sec. 72(t) is a penalty or an additional amount to which sec. 7491(c) applies and regardless of whether the burden of production with respect to this additional tax would be on respondent, respondent has satisfied his burden of production with respect to the distribution.  See H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

A.  Distribution From the IRA

Generally, section 408(d)(1) provides that "any amount paid or distributed out of an individual retirement plan shall be included in gross income by the payee or distributee * * * in the manner provided under section 72."  See also Campbell v. Commissioner, 108 T.C. 54 (1997).  Petitioners argue that the distribution from the IRA was to be in the form of a loan; however, unlike a loan from a qualified employer plan pursuant to the limitations in section 72(p), "a loan from an IRA to its owner is always a prohibited transaction (there is no exception for loans from an IRA to its beneficiary)."[4]  Patrick v. Commissioner, T.C. Memo. 1998-30 n.8, affd. without published opinion 181 F.3d 103 (6th Cir. 1999); sec. 4975(c)(1)(B); Employee Retirement Income Security Act of 1974, Pub. L. 93-406, sec. 408(d), 88 Stat. 885.  If such a loan were made, the IRA would lose its exemption and all assets would be deemed distributed.  Sec. 408(e)(1) and (2); Patrick v. Commissioner, supra.

The distribution was not received by petitioners as an annuity; consequently, the provisions of section 72(e) are

_____

[4]  At trial Mr. Colegrove alluded to a withdrawal from an IRA in the form of a loan in the 1990s for the purchase of his first home, but the petition indicates that he previously took out a loan from his sec. 401(k) plan account.  A loan from a sec. 401(k) plan account may be a nontaxable distribution if it satisfies the limitations in sec. 72(p).

applicable. See <u>Vorwald v. Commissioner</u>, T.C. Memo. 1997-15. Consistent with the presumption of correctness applicable to respondent's determination, see <u>Welch v. Helvering</u>, <u>supra</u>, and because Mr. Colegrove did not make any contributions to the IRA, we must assume that his tax basis in the IRA was zero, see sec. 1.408-4(a)(2), Income Tax Regs. Therefore petitioners can be given no credit for any investment in the IRA, within the meaning of section 72(e)(3)(A)(ii) and (6). Consequently, the entire amount of the distribution is allocated to, and must be included in, petitioners' income. See sec. 72(e)(3)(A). Accordingly, respondent's adjustment increasing petitioners' income by the IRA distribution is sustained.

B. <u>Section 72(t) Additional Tax</u>

Section 72(t)(1) imposes a 10-percent additional tax on an early distribution from a qualified retirement plan unless the distribution comes within one of the statutory exceptions under section 72(t)(2). The section 72(t) additional tax is intended to discourage premature distributions from retirement plans. <u>Dwyer v. Commissioner</u>, 106 T.C. 337, 340 (1996); see also S. Rept. 93-383, at 134 (1973), 1974-3 C.B. (Supp.) 80, 213.

Petitioners used the funds withdrawn from the IRA to pay business and living expenses and a home mortgage. Regrettably for petitioners, no exception applies for those purposes; therefore, petitioners' distribution remains subject to the 10-

percent additional tax.  Although petitioners' financial circumstances were not unusual during this tumultuous period, the tax code is sometimes unforgiving in its attempts at standardization.

If the language of a statute is plain, clear, and unambiguous, the statutory language is to be applied according to its terms unless a literal interpretation of the statutory language would lead to absurd results.  Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997); Consumer Prod. Safety Commn. v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980); United States v. Am. Trucking Associations, Inc., 310 U.S. 534, 543-544 (1940); Allen v. Commissioner, 118 T.C. 1, 7 (2002).  In the instant case, the Court sympathizes with petitioners' financial predicament, but we are constrained by the statutory language and unable to create an exception where none exists.

In closing, we think it appropriate to observe that we found petitioners to be conscientious taxpayers who take their Federal tax responsibilities seriously.  The Tax Court, however, is a court of limited jurisdiction and lacks general equitable powers. Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Hays Corp. v. Commissioner, 40 T.C. 436, 442-443 (1963), affd. 331 F.2d 422 (7th Cir. 1964).  Consequently, our jurisdiction to grant equitable relief is limited.  Woods v. Commissioner, 92 T.C. 776, 784-787 (1989); Estate of Rosenberg v. Commissioner, 73 T.C.

1014, 1017-1018 (1980).  This Court is limited by the exceptions enumerated in section 72(t).  See, e.g., <u>Arnold v. Commissioner</u>, 111 T.C. 250, 255-256 (1998); <u>Schoof v. Commissioner</u>, 110 T.C. 1, 11 (1998).  Although we acknowledge that Mr. Colgrove used his distribution for entirely reasonable purposes, absent some constitutional defect we are constrained to apply the law as written, see <u>Estate of Cowser v. Commissioner</u>, 736 F.2d 1168, 1171-1174 (7th Cir. 1984), affg. 80 T.C. 783 (1983), and we may not rewrite the law because we may "deem its effects susceptible of improvement", <u>Commissioner v. Lundy</u>, 516 U.S. 235, 252 (1996) (quoting <u>Badaracco v. Commissioner</u>, 464 U.S. 386, 398 (1984)).  Accordingly, we must sustain respondent's determination that petitioners are liable for the section 72(t) 10-percent additional tax.

## Conclusion

We have considered all of the arguments made by petitioners, and, to the extent that we have not specifically addressed them, we conclude that they do no support a result contrary to that reached herein.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.