T.C. Memo. 2014-73

UNITED STATES TAX COURT

GINA B. WEAVER-ADAMS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13416-12.                                    Filed April 28, 2014.

Gina B. Weaver-Adams, pro se.

Kimberly T. Packer, for respondent.

MEMORANDUM OPINION

KROUPA, Judge:  Respondent determined a $23,655[1] deficiency in
petitioner's Federal income tax and a $4,731 accuracy-related penalty under
section 6662[2] for 2009.

---

[1]All amounts are rounded to the nearest dollar.

[2]All section references are to the Internal Revenue Code (Code) in effect for
(continued...)

**[*2]** There are two issues for decision. We are first asked to decide whether a distribution petitioner received from her ex-husband's section 401(k) savings plan (401(k)) is includable in her gross income for 2009. We hold that the distribution is includable in petitioner's gross income for 2009. The second issue is whether petitioner is liable for an accuracy-related penalty under section 6662(a) for 2009. We hold that she is.

## Background

This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found. The stipulation of facts, the supplemental stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner resided in California at the time she filed the petition.

Petitioner was married to Michael Adams. On July 23, 2009, petitioner and Mr. Adams (ex-husband) were divorced by final decree (Divorce Decree) in California. Petitioner's ex-husband participated in his employer's 401(k), which was administered by Mercer Trust Co. (Mercer).[3] Petitioner was named an

---

[2](...continued)
2009, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[3]Petitioner does not argue, and the record does not reflect, that any portion of the 401(k) was funded with after-tax contributions.

[*3] alternate payee of the 401(k) pursuant to a Qualified Domestic Relations Order (QDRO) as part of the Divorce Decree. The QDRO provided that petitioner, as alternate payee, was liable for any income tax on distributions from the 401(k).[4]

In 2009 petitioner requested and received a distribution of $103,098 from Mercer (Distribution) as the alternate payee. Mercer issued petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reflecting the Distribution and withheld $10,310 in Federal income tax and $1,031 in State income tax. Petitioner reported the Distribution on the tax return for 2009 as nontaxable pension and annuity income.

Respondent issued a deficiency notice for 2009 determining that the Distribution is includable in petitioner's gross income. Respondent also determined that petitioner is liable for the accuracy-related penalty under section 6662(a). Petitioner timely filed the petition.

---

[4]Additionally, the Divorce Decree created a "payment to complete division of community estate" as a property settlement. The Divorce Decree did not specify that the retirement distribution was nontaxable.

[*4]                                    Discussion

We are asked to consider whether petitioner is required to include the

Distribution in her gross income for 2009. We are also asked to consider whether

petitioner is liable for the accuracy-related penalty under section 6662(a). We

shall consider each of these issues in turn.[5]

I. Whether the Distribution Is Includable in Petitioner's Gross Income

We first consider whether petitioner is required to include the Distribution

in her gross income. Petitioner contends that her ex-husband was indebted to her

and paid her from the 401(k) to satisfy the debt. Petitioner argues that she was not

required to include the Distribution in her gross income because the debt created

basis in the 401(k) that exceeded the Distribution amount. Respondent argues that

the Distribution is includable in gross income. Additionally, respondent argues

that petitioner cannot have basis in the 401(k) as a transferee and distributee. We

begin with the governing law.

Gross income includes all income from whatever source derived. Sec.

61(a). This includes distributions from annuities and employees' trusts. Secs.

_____

[5]Petitioner does not claim the burden of proof shifts to respondent. See sec. 7491(a). Petitioner also did not establish she satisfies the requirements of the statute to shift the burden of proof to respondent. See sec. 7491(a)(2). We therefore find that the burden of proof remains with petitioner as to any factual issue affecting her liability for the deficiency.

[*5] 61(b), 72(a)(1), 402(b)(2).  Employees' trusts include qualified cash or deferred arrangements for the benefit of employees that meet certain criteria.  Sec. 401(k).  Employees' trust amounts categorized as employer contributions are not distributable before the employee's "severance from employment, death or disability * * *, the attainment of age 59-1/2 * * * [or] upon hardship of the employee."  Sec. 401(k)(2)(B)(i).  Employer contributions include elective contributions.  Sec. 1.401(k)-1(a)(4)(ii), Income Tax Regs.

Elective contributions are not included in the employee's gross income in the year of the contributions.  Secs. 1.401(k)-1(a)(4)(iii), 1.402(a)-1(d)(2), Income Tax Regs.  Thus, elective contributions must be taxed in the year that they are distributed.  Sec. 1.402(a)-1(a)(1)(ii), Income Tax Regs.  Distributions are taxable in the year they are received because they are paid from pre-tax dollars.  See sec. 402(a); sec. 1.402(a)-(1)(a)(1) and (2), Income Tax Regs.  Tax may be deferred, however, if the distribution is rolled over into an eligible retirement plan within 60 days of receipt.  Sec. 402(a), (c).  Distributions are taxed as ordinary income.  See sec. 72; Darby v. Commissioner, 97 T.C. 51, 58 (1991); Seidel v. Commissioner, T.C. Memo. 2005-67.

Thus, a distribution from a qualified retirement plan is taxable to the distributee as ordinary income if it is not rolled over into an eligible retirement

**[*6]** plan. Sec. 402(a), (c); <u>Darby v. Commissioner</u>, 97 T.C. at 58. Neither the

Code nor the regulations define the term "distributee." This Court has concluded,

however, that the term ordinarily means the participant or beneficiary who, under

the plan, is entitled to receive the distribution. <u>Darby v. Commissioner</u>, 97 T.C. at

58; <u>Seidel v. Commissioner</u>, T.C. Memo. 2005-67.

A spouse or former spouse of a plan participant who receives any

distribution or payment made pursuant to a QDRO[6] is an alternate payee and is

subject to tax on the distribution or payments as the distributee. Sec.

402(e)(1)(A); <u>Seidel v. Commissioner</u>, T.C. Memo. 2005-67; <u>see also</u> sec.

414(p)(8) (defining "alternate payee").[7] If property is transferred incident to

divorce,[8] the transferee's basis is the adjusted basis of the transferor. Sec. 1041(b).

A participant in a 401(k) plan has no tax basis because the participant has not paid

---

[6]As defined in sec. 414(p).

[7]The parties agree that petitioner received the Distribution as part of the QDRO. Similarly, neither party contests that petitioner was an alternate payee, as defined in sec. 414(p)(8). The parties also agree that petitioner actually received the Distribution in 2009. It is also undisputed that petitioner did not pay any tax on the Distribution for 2009. Petitioner's return for 2009 reported the Distribution as nontaxable pension and annuity income.

[8]A transfer is incident to divorce if it occurs within one year after the marriage ends or if the transfer is related to the marriage ending. Sec. 1041(c).

[*7] tax on the contributions, which are made in pre-tax dollars.[9]  See sec.

1.401(k)-1(a)(4)(iii), Income Tax Regs.  Therefore, a taxpayer who receives the

distribution as a transfer of property incident to divorce does not have basis in the

former spouse participant's retirement plan.  See sec. 1.408-4(a)(2), Income Tax

Regs.

We hold that the Distribution is includable in petitioner's gross income.  See

sec. 402(e)(1)(A); Seidel v. Commissioner, T.C. Memo. 2005-67.  Further, we

hold that petitioner did not have basis in her ex-husband's 401(k).  See sec. 1.408-

4(a)(2), Income Tax Regs.

Petitioner has no basis in the 401(k).  Petitioner's assertion that she has

basis in the 401(k) because she received the Distribution as part of the Divorce

Decree is legally unsupported.[10]  Petitioner received the Distribution as a transfer

---

[9]We note that it is possible for a 401(k) plan to have an after-tax contribution component and a corresponding basis for the plan participant.  See, e.g., sec. 402A (discussing treatment of Roth contributions); sec. 1.401(k)-1(a)(4)(iii), Income Tax Regs.  Nonetheless, petitioner does not argue, and the record does not reflect, that any portion of the 401(k) was funded with after-tax Roth contributions.

[10]We place no weight on the documents submitted with the Supplemental Stipulation.  As a legal matter, petitioner cannot establish basis in the 401(k).  Petitioner's potential basis is limited to the basis petitioner's ex-husband had in the 401(k) at the time of the transfer.

[*8] of property made incident to divorce because it occured within one year[11] of the marriage ending and was related to the marriage ending. As a result, petitioner received her ex-husband's adjusted basis, which was zero. Petitioner's ex-husband contributed pre-tax dollars pursuant to the rules for tax-deferred 401(k) plans and therefore had zero basis in the 401(k).

Petitioner had the option to roll over the Distribution to an eligible retirement plan or IRA within 60 days of receipt. Petitioner's decision not to roll over the Distribution requires the Distribution to be included in gross income.[12] The 401(k) contributions were contributed in pre-tax dollars, and no tax was paid on the funds making up the Distribution. Petitioner received the Distribution pursuant to the QDRO,[13] which specifically provides that petitioner was liable for any tax on distributions from the 401(k). The Distribution cannot escape taxation because petitioner erroneously believed that her ex-husband's debt to her created basis in the 401(k).

---

[11]The Divorce Decree was entered on July 23, 2009 and petitioner received the Distribution in the 2009 tax year.

[12]Petitioner acknowledges that she requested and received the Distribution from Mercer.

[13]The Distribution was not subject to a 10% early distribution tax because petitioner received the Distribution through the QDRO. See sec. 72(t)(2)(C).

**[*9]**  In toto, petitioner's arguments are insufficient to rebut the presumption of correctness of respondent's deficiency determination.  Whether petitioner's ex-husband owed petitioner a debt is irrelevant to determine whether the Distribution is includable in gross income.[14]  Petitioner received the Distribution during the 2009 tax year making it within one year after the date the marriage ended on July 23, 2009 and constituting a transfer incident to divorce.  Petitioner's basis was limited to her ex-husband's basis.  Because her ex-husband had zero basis, so too did petitioner.  Moreover, the QDRO specifically provides that petitioner was liable for any tax on distributions from the 401(k).  Petitioner did not and cannot demonstrate that respondent's deficiency determination is in error.[15]  Respondent

---

[14]Previously, the Court has indicated that a distribution may be taxable to the participant spouse, rather than the alternate payee, where the distribution is in discharge of a legal obligation.  See Warren v. Commissioner, T.C. Memo. 2009-148 n.8 (discussing Vorwald v. Commissioner, T.C. Memo. 1997-15 (where an IRA distribution was held taxable to participant rather than spouse because IRA funds were transferred in partial discharge of participant's child support obligation)).  There is nothing in the record indicating that petitioner's ex-husband transferred the 401(k) to petitioner in discharge of a legal obligation.  Petitioner received her interest in the 401(k) as part of a property settlement with her ex-husband.

[15]There are circumstances where the transfer of a spouse's interest in an individual retirement account, individual retirement annuity or a retirement bond incident to divorce, is not considered to be a distribution or a taxable transfer by a spouse to a former spouse.  See sec. 1.408-4(g), Income Tax Regs.  This is limited to situations where the interest is merely transferred to the spouse, rather than

(continued...)

[*10] prevails. We find that petitioner failed to establish that the Distribution is nontaxable, and therefore we sustain respondent's determinations in the statutory notice.

## II. Accuracy-Related Penalty

We next consider whether petitioner is liable for the accuracy-related penalty. See sec. 6662(a). Respondent has the burden of production and must present sufficient evidence that it is appropriate to impose the penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

A taxpayer is liable for an accuracy-related penalty as to any portion of an underpayment attributable to, among other things, a substantial understatement of income tax. Sec. 6662(a), (b)(2). There is a substantial understatement of income tax if the amount of the understatement exceeds the greater of either 10% of the tax required to be shown on the return, or $5,000. Sec. 6662(d)(1)(A); sec. 1.6662-4(a), Income Tax Regs.

Petitioner reported she owed $1,559 for 2009 and respondent determined that petitioner owed $24,214. Thus, petitioner understated the tax on her return by

---

[15](...continued)
liquidated, as here. See id. A distribution is taxable in the year it is received, but tax may be deferred if the distribution is rolled over into an eligible retirement plan within 60 days of receipt. See secs. 401(k), 402(a), (c).

**[*11]** $22,655, which is greater than 10% of the tax required to be shown on the return, and exceeds $5,000. Accordingly, respondent has met his burden of production with respect to petitioner's substantial understatement of income tax for 2009.

The accuracy-related penalty does not apply to any portion of an underpayment, however, if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. See secs. 6662(a), 6664(c)(1); sec. 1.6664-4(b), Income Tax Regs. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability and the knowledge and experience of the taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs. The taxpayer bears the burden of proof with respect to reasonable cause. Higbee v. Commissioner, 116 T.C. at 446.

We understand petitioner to argue that she had reasonable cause for treating the Distribution as nontaxable income because she contends that she relied in good faith on the advice of her tax professional. Petitioner's assertion is unsubstantiated. Petitioner did not demonstrate that a tax professional advised her to take the position that the Distribution was nontaxable income. Petitioner's

**[*12]** inclusion of an unauthenticated and unsigned document, purportedly created by her tax professional, does not substantiate her claim. Moreover, there is nothing in the record regarding whether the Distribution was nontaxable income. Additionally, there is nothing in the record demonstrating that petitioner provided the Form 1099-R to her tax professional. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002). In sum, petitioner failed to establish that the Distribution was nontaxable.

After considering all of the facts and circumstances, we find for respondent regarding both the taxability of the Distribution and the accuracy-related penalty.

We have considered all remaining arguments the parties made and, to the extent not addressed, we conclude they are irrelevant, moot or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.