T.C. Memo. 2010-18

UNITED STATES TAX COURT

GINN DOOSE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29738-08L.               Filed February 1, 2010.

Ginn Doose, pro se.

Catherine G. Chang, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  This case was commenced in response to a notice of determination concerning collection action with respect to petitioner's liabilities for 2002, 2004, and 2005.  The issue for decision is whether the determination to proceed with a levy was an abuse of discretion.  All section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in California at the time her petition was filed. For many years, she has been in an ongoing dispute with the Internal Revenue Service (IRS) about whether her tax liability for 1990 had been determined correctly. During 1990, petitioner was involved in bankruptcy proceedings; she argues that the assessment of tax for that year was precluded by the bankruptcy and later barred by the statute of limitations.

During 2002, 2003, 2004, 2005, and 2007, petitioner's wages as a sales associate at WalMart were garnished to pay the disputed 1990 liability. According to petitioner, the levy for the 1990 tax finally terminated in September 2007.

On her Federal income tax returns for 2002, 2004, and 2005, petitioner deducted from her reported wages the amounts that had been garnished to pay the disputed liability for 1990. She claimed as withheld taxes amounts deducted from her wages for Social Security and Medicare. As a result, she claimed a refund for each year, but the refunds were never paid.

Based on the wages reported by petitioner's employer and shown on forms and worksheets attached to each return, the IRS corrected petitioner's reported tax liability, disallowing the deductions of garnished amounts and the claimed withholdings.

The amounts in dispute were assessed as mathematical errors for 2002 and 2005.  A notice of deficiency was sent for 2004. Petitioner contends that her mail has been tampered with since 1988 and that she did not receive the notice of deficiency or many of the notices mailed to her before and during the IRS Appeals process described below.

On June 23, 2008, the IRS sent to petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to the corrected tax liabilities for 2002, 2004, and 2005.  Petitioner denies that she received the notice, but she did acknowledge receipt and respond to the notice in a Form 12153, Request for a Collection Due Process or Equivalent Hearing, dated June 26, 2008.  Although telephone calls and correspondence followed, petitioner denies receiving much of the correspondence.

Petitioner completed and faxed to the Appeals conferee financial information on a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.  The Appeals conferee reviewed the information and concluded, applying national and local standards, that petitioner had $367 per month to pay toward her Federal tax liabilities and suggested that she request an installment agreement.  By letter dated October 24, 2008, petitioner insisted that the garnishments were illegal and that she wished to have the issue "decided in Court".

Petitioner claimed in her October 24, 2008, letter that she had filed suit against the IRS and the Attorney General and that the suit was "ordered to go to trial". Docket records of the U.S. District Courts for the Northern District of California and for the Central District of California disclose that 19 cases commenced in those courts by petitioner against defendants including Government entities between 1991 and 2007 were closed as of October 24, 2008. One case in the Central District was pending but was not set for trial. It was dismissed on March 19, 2009.

OPINION

During her communications with the Appeals conferee, during pretrial proceedings, during trial, and in her posttrial brief, petitioner has insisted that her 1990 tax was collected illegally and that she had a right to the deductions claimed on her 2002, 2004, and 2005 returns. She has persisted in this claim notwithstanding being advised to the contrary by the Appeals conferee, respondent's counsel, and the Court during trial. She insists on relitigating her dispute about 1990, although she has been advised repeatedly that the Court lacks jurisdiction over issues involving that year. The arguments that she makes in this case about the effect of the bankruptcy and the statute of limitations applicable to that year are patently lacking in merit. We mention them only because she has rejected the rulings

of other courts throughout the years in which her dispute with the IRS has continued, and we have no illusion that she will change her course in this case.

The errors in petitioner's arguments are shown by the well-established authorities cited in respondent's pretrial memorandum and ignored by petitioner. The applicable authorities were summarized in Chambers v. Commissioner, T.C. Memo. 2000-218, affd. 17 Fed. Appx. 688 (9th Cir. 2001), as follows:

> It is well established that income from personal services must be included in the gross income of the person who renders the services. See Lucas v. Earl, 281 U.S. 111 (1930). Even if a taxpayer delivers the payor's check to a third party before cashing the check, income earned by the taxpayer for services rendered must be included in gross income. See United States v. Allen, 551 F.2d 208 (8th Cir. 1977). Moreover, if the taxpayer caused the check to be issued directly to the third party, the taxpayer must include the compensation in gross income. See Hicks v. Commissioner, T.C. Memo. 1982-200, affd. 718 F.2d 1110 (9th Cir. 1983).

> Lack of control over the earnings does not justify exclusion of earnings from the employee's gross income used to pay an obligation of the employee. See Tucker v. Commissioner, 69 T.C. 675, 678 (1978). An employer's payment of an obligation of the taxpayer is equivalent to the taxpayer's receipt of the income in the amount paid. See Old Colony Trust Co. v. Commissioner, 279 U.S. 716 (1929); Minor v. Commissioner, T.C. Memo. 1998-237. Where the transfer of funds at least partially discharges a legal obligation of the taxpayer, the transfer is equivalent to receipt by the taxpayer. See Helvering v. Horst, 311 U.S. 112, 116 (1940). The fact that the transfer is involuntary, such as by garnishment, has no significance. See Vorwald v. Commissioner, T.C. Memo.

1997-15 (taxpayer was required to include in income as a distribution from his IRA amounts transferred from his IRA to his former spouse in a garnishment proceeding).

There is no reasonable dispute in this case concerning petitioners' underlying liabilities.

When she requested a hearing under section 6330, petitioner might have offered collection alternatives, including the installment arrangement suggested by the Appeals officer or an offer-in-compromise. See sec. 6330(c). If she had pursued such alternatives, her ability to pay would have been considered and might have been negotiated. See secs. 6343(a)(1)(D) (providing for release of a levy creating an economic hardship), 7122(d)(2) (providing for compromise depending on allowances for basic living expenses).

Although petitioner has suggested that she would suffer economic hardship and be unable to pay her basic living expenses if the levy is allowed to proceed, her pursuit of erroneous arguments has distracted her from a possibly meritorious issue, and she has failed to establish her eligibility for relief on that ground. Cf. <u>Vinatieri v. Commissioner</u>, 133 T.C. ___ (2009). Given her unrelenting pursuit of meritless arguments, a remand in this case would not be productive.

To show an abuse of discretion, petitioner must establish that the action of the Appeals conferee was arbitrary, capricious, or without foundation in fact or law. See <u>Giamelli</u>

v. Commissioner, 129 T.C. 107, 111 (2007); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  It was not unreasonable for the Appeals conferee to send the notice of determination in response to petitioner's persistence in her erroneous arguments and her refusal to address collection alternatives, and we cannot conclude that there was an abuse of discretion.  In view of the foregoing,

Decision will be entered for respondent.