T.C. Memo. 2010-161

UNITED STATES TAX COURT

REX D. FRANCIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3170-09.                    Filed July 26, 2010.

Rex D. Francis, pro se.

Luanne S. DiMauro, for respondent.

MEMORANDUM OPINION

COHEN, Judge:  Respondent determined a deficiency of $560 in
petitioner's Federal income tax for 2006.  Most of the deficiency
resulted from petitioner's failure to report on his return
unemployment compensation reported to the Internal Revenue
Service (IRS) by the Connecticut Department of Labor.  The issue
for decision is whether petitioner is liable for the deficiency

despite his contention that he did not receive all of the unemployment compensation to which he was entitled. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

None of the facts have been stipulated, and the evidence consists entirely of petitioner's testimony and the admissions in his petition. Petitioner resided in Connecticut at the time he filed his petition.

Petitioner was unemployed for part of 2006 and received unemployment compensation that he failed to report on his 2006 Federal tax return. Some of the unemployment compensation to which he was entitled was offset by amounts owed to the Connecticut Department of Labor for prior debts, and the Connecticut Department of Labor reported some of the compensation to the IRS. According to respondent, the deficiency determined included $2,871, representing 11 weeks of unemployment compensation at $261 per week, reported by the State of Connecticut to the IRS, and another undisputed income item.

Petitioner asserts that he was entitled to unemployment compensation for 26 weeks at $261 per week, or a total of $6,786, less offsets for a debt that he owed the State of Connecticut and

for Federal and State income taxes. He argues that he did not receive the correct net amount of unemployment benefits.

## Discussion

Because petitioner refused to stipulate any exhibits and various evidentiary objections were sustained, the record is too sparse for meaningful findings of fact. (Respondent asserts that the absence of admissible records is due to late breakdown of settlement negotiations with petitioner's counsel, who prepared the petition and negotiated a settlement but withdrew at the calendar call shortly before trial. Petitioner consented to counsel's withdrawal, and both parties agreed to go forward.)

The petition is internally inconsistent about unemployment compensation that petitioner received. The petition alleges that petitioner was unemployed for part of 2006 and received unemployment compensation during the period in which he was unemployed, acknowledges that unemployment compensation is taxable, alleges that petitioner never actually received unemployment compensation, and asks the Court to determine that he did not receive any unemployment compensation in 2006. From his testimony, it appears that petitioner is disputing amounts not paid to him by the Connecticut Department of Labor, but his testimony is unclear as to whether nonpayment is attributable to offsets or suspension of his benefits.

Although it is certainly not apparent from the record what occurred, if petitioner's unemployment compensation was withheld or diverted to pay his debts he is still taxable on it. See, e.g., Doose v. Commissioner, T.C. Memo. 2010-18; Chambers v. Commissioner, T.C. Memo. 2000-218 (and cases cited therein), affd. 17 Fed. Appx. 688 (9th Cir. 2001). Petitioner acknowledges his understanding of this general rule. His argument is that he was entitled to receive from the Connecticut Department of Labor more than amounts properly withheld or diverted and more than the amounts reported to the IRS by the State.

The only thing clear from the record is that petitioner's claims do not fall within the Court's jurisdiction. He wants an explanation of "where did the $6,786 go?". He indicates that he has tried unsuccessfully to get that information elsewhere. With his refusal to stipulate relevant facts and documents, and the inconsistencies in his petition and his testimony, we are unable even to speculate about the answer to his question.

This Court has limited jurisdiction, which does not include authority to resolve disputes between a taxpayer and Federal or State authorities arising in other contexts and only remotely relevant to the determination of a deficiency that is before us. See, e.g., Kindred v. Commissioner, T.C. Memo. 2010-107; Hackworth v. Commissioner, T.C. Memo. 2004-173. In this case, our limited jurisdiction is to determine whether petitioner has

shown any error in the notice of deficiency.  He has the burden of showing error, and he has not done so.  See generally sec. 6201(d); Rule 142(a).

For the foregoing reasons,

<u>Decision will be entered for respondent</u>.