[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2012
JOHN LEY
CLERK

No. 11-10507
Non-Argument Calendar
_____

Agency No. 20370-09


WALTER JESSE LAWRENCE,

Petitioner,

versus

COMMISSIONER OF IRS,

Respondent.


_____

Petition for Review of a Decision of the
United States Tax Court
_____

(March 21, 2012)


Before EDMONDSON, HULL and PRYOR, Circuit Judges.


PER CURIAM:

Walter Jesse Lawrence appeals the tax court's decision in favor of the Commissioner of the Internal Revenue Service ("IRS") on Lawrence's pro se petition for redetermination of deficiency for tax years 2003, 2004, and 2005.[1]  No reversible error has been shown; we affirm.

Lawrence filed a petition in tax court challenging the Commissioner's notices of deficiency, which alleged that -- based on Lawrence's unreported pension and social security income -- Lawrence owed a total of $4570.46 in deficiencies and filing penalties for tax years 2003, 2004, and 2005.  In his petition, Lawrence argued that his pension and social security benefits for those years did not constitute taxable income because they were paid directly to the IRS pursuant to an IRS levy imposed in 1999 to recover his outstanding income taxes. Lawrence also alleged that, because his pension and social security benefits were exempted from creditors during his later bankruptcy proceedings, the IRS levy was invalid and violated his Fifth Amendment rights.

---

[1]We review the tax court's legal conclusions de novo and its factual findings for clear error. Creel v. Comm'r of Internal Revenue, 419 F.3d 1135, 1139 (11th Cir. 2005).

After a bench trial, the tax court rejected Lawrence's claimed errors.[2] The tax court noted that Lawrence bore the burden of proof, pursuant to I.R.C. § 7491(a), because the issues before the court were not factual in nature and because Lawrence failed to establish that he cooperated with the IRS during his audit. The court also determined that it lacked jurisdiction to consider the validity of the IRS levy on Lawrence's pension and social security benefits. The tax court then concluded that Lawrence's disputed pension and social security benefits constituted taxable income and upheld the Commissioner's deficiency determination.

As an initial matter, the tax court's decision not to shift the burden of proof to the Commissioner was proper. Pursuant to section 7491(a), if "a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed . . . , the [government] shall have the burden of proof with respect to such issue." I.R.C. § 7491(a). Lawrence argues that the IRS account transcripts -- which indicated that

---

[2]The tax court denied properly Lawrence's pre-trial motions to dismiss for lack of jurisdiction and for default. Because Lawrence filed a petition for a redetermination of his tax deficiencies in tax court and nothing evidenced that the Commissioner had changed his position about Lawrence's tax liability, the tax court had jurisdiction to redetermine the amount of the alleged deficiencies. See I.R.C. § 6214(a). Moreover, nothing evidences that the Commissioner agreed to attend a settlement conference on Lawrence's suggested date or that the Commissioner otherwise failed to engage in settlement discussions required by Tax Court R. 70(a)(1). Thus, the tax court did not abuse its discretion in denying Lawrence's motion for default.

3

Lawrence had no adjusted gross income for the 2003, 2004, and 2005 tax years -- constituted credible evidence sufficient to shift the burden of proof to the IRS. As the tax court noted, however, the Commissioner was prohibited legally from assessing a deficiency against Lawrence until after the tax court issued a final decision. See I.R.C. § 6213(a). Thus, that the disputed deficiencies were omitted from the account transcripts is not pertinent to the issue of Lawrence's tax liability. Because Lawrence failed to introduce credible evidence about his tax liability, he retained the burden of proof under section 7491(a).

On appeal, Lawrence reasserts that, based on the IRS levy, his 2003, 2004, and 2005 pension and social security benefits did not constitute taxable income because he lacked "complete dominion" over those payments. We disagree. Pension and social security benefits are generally considered "gross income" for purposes of federal income tax. See I.R.C. § 61(a)(11) (defining "gross income" to include "all income from whatever source derived, including . . . pensions"); I.R.C. § 86(a) (describing the portion of social security benefits that may be considered "gross income"). It is also well-established that when an employer makes direct payments to the IRS on behalf of an employee -- either voluntarily or involuntarily -- such payments constitute taxable income to the employee. See Old Colony Trust Co. v. Comm'r of Internal Revenue, 49 S.Ct. 499, 504 (1929)

4

(concluding that the employer's direct payment to the IRS of the income tax due on an employee's salary constituted taxable income and that it was "immaterial that the taxes were directly paid over to the [g]overnment"); Doose v. Comm'r of Internal Revenue, 99 T.C.M. (CCH) 1088 (T.C. 2010) (concluding that the portion of a taxpayer's wages paid directly to the IRS as a result of a tax levy constituted taxable income to the taxpayer).

Lawrence was entitled to retirement benefits under his former employer's pension plan and under social security during the 2003, 2004, and 2005 tax years. That those payments were made directly to the IRS as a result of Lawrence's IRS levy is "immaterial" to the issue of whether they constituted taxable income.

AFFIRMED.