[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11690
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02735-EAK-AEP


WALTER J. LAWRENCE,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, THE INTERNAL REVENUE SERVICE,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 26, 2015)

Before ROSENBAUM, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

This case concerns appellant Walter Lawrence's challenge to a levy issued

by the Internal Revenue Service ("IRS") in 1999 to collect delinquent federal

income tax liabilities for the years 1980-1983 and 1988-1994, totaling around $268,000, from Lawrence's pension benefits.  The district court dismissed Lawrence's action for lack of subject-matter jurisdiction, finding that his claims did not fit within the limited waiver of the United States's sovereign immunity for federal suits seeking the recovery of taxes alleged to have been erroneously or illegally assessed or collected.  *See* 28 U.S.C. § 1346(a)(1).  On appeal, Lawrence argues that the district court had subject-matter jurisdiction over the action and that the court should have allowed him to amend his complaint for a third time.  After careful review, we affirm.

## I.

Lawrence initially filed a 101-page complaint in this action alleging claims arising from a Notice of Levy issued by the IRS in April or May of 1999.  Lawrence subsequently filed a 128-page amended complaint as of right.  Then, the district court ordered Lawrence to file a second amended complaint, not to exceed 20 pages in length, setting out each separate claim in a separate count and identifying the theory for each claim.

Lawrence timely filed a second amended complaint of 26 pages in length, along with numerous and voluminous exhibits.  In his second amended complaint, Lawrence alleged that the IRS erroneously and illegally assessed and collected taxes from him and that he was, therefore, entitled to a refund for overpayment.

2

The majority of Lawrence's complaint challenged the validity of the Notice of Levy, which, he alleged, was used to attach funds from his pension and Social Security benefits. The crux of Lawrence's argument was that the assessed taxes were invalid because the tax tables used to calculate the assessments were not promulgated in accordance with the Administrative Procedure Act ("APA") and the Federal Register Act. For relief, Lawrence sought a tax refund or damages in the amount of the funds levied, and he requested that the court determine that the Notice of Levy was invalid.[1]

In response to Lawrence's second amended complaint, the government filed a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. The government argued that Lawrence had failed to demonstrate that his claim fell within the terms of the waiver of sovereign immunity under § 1346, observing that Lawrence needed to have both fully paid the assessed tax liability and filed administrative refund claims with the IRS before filing suit. According to the government, Lawrence's allegations in the second amended complaint that he fully complied with these jurisdictional prerequisites were not supported by the documentation attached to his complaint. In support of its

---

[1] On appeal, Lawrence has expressly limited his challenge to his tax-refund claim under 28 U.S.C. § 1346 only. Therefore, we deem abandoned the various other challenges Lawrence presented to the district court, including his claims for damages under 26 U.S.C. § 7433, injunctive relief, and a declaratory judgment. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

3

position, the government also attached additional IRS account records,[2] which, in addition to Lawrence's documentation, allegedly showed that the IRS had written off the uncollected balance owed by Lawrence for all but three of the relevant tax years after the statute of limitations for collection had expired.  Then, Lawrence moved for leave to file a third amended complaint.  As relevant to this appeal, the proposed third amended complaint did not materially alter the allegations contained in the second amended complaint.

Considering the government's motion as a facial attack on subject-matter jurisdiction, the district court granted the motion and dismissed the second amended complaint.  With respect to the tax-refund claim, the court found that Lawrence did not carry his burden of establishing jurisdiction because the tax records showed that he had not paid the entire taxes at issue for all but three of the relevant tax years, and he omitted any factual allegations that he filed the instant suit within two years of receiving a notice of disallowance from the IRS of his administrative claims.  The court also denied Lawrence leave to amend because it "would be an exercise in futility," highlighting that Lawrence had "extensively litigated" numerous tax-related claims in federal courts[3] and had included

---

[2]  Lawrence attached some of these records to his complaint.  Believing the records for certain tax years to be incomplete, the government attached what it represented to be complete versions for those years.

[3]  *See, e.g.*, *Lawrence v. Comm'r of IRS*, 469 F. App'x 755 (11th Cir. 2012) (holding that Lawrence's pension and Social Security benefits were properly considered taxable income in a

allegations in the second amended complaint "which render it incomprehensible as a shotgun pleading." Accordingly, the district court granted the government's motion and dismissed the complaint. This is Lawrence's appeal.

## II.

We review a district court's order granting a motion to dismiss for lack of subject-matter jurisdiction *de novo*. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. ___, 132 S. Ct. 1702 (2012). Motions to dismiss under Rule 12(b)(1) may assert either a facial or a factual attack on jurisdiction. *Sinaltrainal*, 578 F.3d at 1260. A facial attack challenges whether the complaint itself has sufficiently alleged subject-matter jurisdiction, whereas a factual attack challenges the existence of subject-matter jurisdiction in fact, looking to matters outside of the pleadings. *Id.*

When reviewing a ruling on a facial jurisdictional attack, as in this case, we accept the well-pleaded factual allegations in the complaint as true. *Id.* However, we are not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189,

---

challenge to the validity of the 1999 tax levy); *Lawrence v. United States*, 229 F.3d 1152 (6th Cir. 2000) (unpublished table decision) (rejecting as frivolous Lawrence's appeal from the dismissal of his complaint seeking to enjoin the United States from collecting back taxes in connection with the 1999 levy).

1205-06 (11th Cir. 2007).  Rather, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."  *Id.* at 1206.

In reviewing the district court's ruling in this case, we may also consider the exhibits attached to both Lawrence's complaint and the government's motion to dismiss.  Exhibits to the complaint are considered a part of the complaint for all purposes, Fed. R. Civ. P. 10(c), and may therefore be considered in deciding a motion to dismiss, *Griffin*, 496 F.3d at 1205.  *See also McElmurray v. Consol. Gov't of August-Richmond Cnty.*, 501 F.3d 1244, 1251-54 (11th Cir. 2007) (reviewing exhibits attached to the complaint in deciding a facial challenge to subject-matter jurisdiction).  And district courts may properly consider documents attached to a motion to dismiss in considering a facial attack if the documents are central to the plaintiff's claim and their authenticity is not disputed.  *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (concerning a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P.).  Both requirements are met in this case.

Because Lawrence is proceeding *pro se*, we liberally construe his filings.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

### III.

As a sovereign entity, the United States "is immune from suit unless it consents to be sued."  *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182,

6

1188 (11th Cir. 2011).  The terms of the statute waiving immunity define the court's jurisdiction to entertain the suit, and such statutes are strictly construed.  *Id.* Therefore, courts may entertain only those suits that are fully in accord with the provisions of the statute.  *Id.*  The plaintiff bears the burden of establishing subject-matter jurisdiction.  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).  Here, that means that Lawrence bears the burden of establishing a waiver of sovereign immunity.

## A.

Lawrence maintains that he can proceed with his suit under 28 U.S.C. § 1346, which provides for a conditional waiver of sovereign immunity for federal suits seeking the recovery of taxes "alleged to have been erroneously or illegally assessed or collected."  28 U.S.C. § 1346(a)(1).  But before proceeding under § 1346, a taxpayer must first comply with two jurisdictional prerequisites.

First, the taxpayer must satisfy the "full-payment" rule.  Namely, the taxpayer must make "full payment of an assessed tax" before filing a refund suit with respect to that tax.  *Flora v. United States*, 357 U.S. 63, 68-70, 78 S. Ct. 1079, 1082-83 (1958), *aff'd on reh'g*, 362 U.S. 145, 80 S. Ct. 630 (1960).

Second, no refund suit may be maintained in any court "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance

thereof."  26 U.S.C. § 7422(a); *Wachovia Bank, N.A. v. United States*, 455 F.3d 1261, 1264 (11th Cir. 2006).  To be "duly filed," the administrative claim must, among other things, be brought either within three years from the time the tax return was filed or two years from the time the tax was paid.  26 U.S.C. § 6511(a); *see Wachovia Bank*, 455 F.3d at 1269 (holding that a failure to comply with § 6511(a) deprives the district court of subject-matter jurisdiction).  The applicable regulations provide that the administrative refund claim must set forth "in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof."  26 C.F.R. § 301.6402-2(b)(1).  Further, a separate claim must be made "for each taxable year or period."  *Id.* § 301.6402-2(d).  Informal claims may be sufficient where they "fairly advis[e] the Commissioner of the nature of the taxpayer's claims," and "where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period."  *United States v. Kales*, 314 U.S. 186, 194, 62 S. Ct. 214, 218 (1941).

Here, the government admits, and we accept, that Lawrence fully paid the assessment for the tax years 1980, 1991, and 1992.  However, we agree with the district court that Lawrence did not comply with *Flora*'s full-payment requirement for the remaining years before filing suit.  *See Flora*, 357 U.S. at 68-70, 78 S. Ct. at 1082-83.  Despite Lawrence's allegations that he fully paid the assessed amounts

for every disputed tax year, the documents attached to the second amended complaint and the motion to dismiss show that, for every tax year other than the tax years 1980, 1991, and 1992, Lawrence had an unpaid balance that was written off by the IRS as uncollectable. *See Horsley*, 304 F.3d at 1134. Because the factual details in the exhibits contradict the general and conclusory allegations in the second amended complaint, the exhibits govern. *See Griffin Indus.*, 496 F.3d at 1205-06. Therefore, the court properly found that it lacked subject-matter jurisdiction over Lawrence's refund claim for the tax years 1982-83, 1988-90, and 1993-94, due to Lawrence's failure to make full payment before filing suit.

For the tax years 1980, 1991, and 1992, we conclude that Lawrence's second amended complaint fails to allege sufficient factual detail to show that he duly filed administrative refund claims for those years. *See Sinaltrainal*, 578 F.3d at 1260. In the complaint, Lawrence alleges that he "timely and duly filed refund claims" in compliance with § 6511 by submitting an "Administrative Claim for Refund of Overpayment with Interest" on the following dates: March 1, 2001, December 14, 2004, July 1, 2007, August 25, 2009, and December 14, 2010. While he indicates that he filed an "informal claim" on March 1, 2001, that was held by the IRS "without action until the form had been corrected," he does not allege that his "formal claim" filed in December 2010 remedied the "formal defects and lack of specificity" in the earlier claim. *See Kales*, 314 U.S. at 194, 62 S. Ct. at 218. Nor

9

did Lawrence identify the dates on which he made full payment for each tax year or the tax year to which each "Administrative Claim" related.  *See* 26 C.F.R. § 301.6402-2(d).    Therefore, despite Lawrence's unsupported and conclusory allegation that the administrative claims were timely filed, which we need not accept as true, the complaint fails to show that Lawrence filed a timely administrative claim under § 6511 for any of the three tax years for which full payment had been made.[4]  *See Griffin Indus.*, 496 F.3d at 1205-06.

Thus, even accepting the well-pleaded facts in the complaint as true, Lawrence has not shown that his purported administrative claims were timely filed under § 6511 or otherwise duly filed under § 7422(a).  *See Wachovia Bank*, 455 F.3d at 1269.  As a result, the second amended complaint fails to state a claim that fits within the strictly construed waiver of sovereign immunity under § 1346.

### B.

Although Lawrence's second amended complaint was deficient, he contends that the district court should have granted leave to amend.  The district court's decision to deny leave to amend based on futility is a legal conclusion that we review *de novo*.  *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236 (11th Cir. 2008).

According to Rule 15(a)(2), Fed. R. Civ. P., "[t]he court should freely give

---

[4]    For this reason, we need not address Lawrence's argument that the time limit prescribed by § 6511 never began to run because the taxes were never "imposed."

10

leave when justice so requires." But the court may deny leave to amend on numerous grounds, including the futility of amendment. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). The denial of leave to amend based on futility is justified "when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999) (internal quotation marks omitted).

Here, Lawrence has filed a proposed third amended complaint in the district court that did not cure the deficiencies identified above. These deficiencies, although not directly relied upon by the district court in dismissing the action, were identified by the government in its motion to dismiss the second amended complaint.[5] Accordingly, we affirm the district court's denial of leave to amend based on futility because the complaint, as amended, is still subject to dismissal.

**AFFIRMED.**

---

[5] We may affirm the district court on any ground supported by the record. *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir. 2007).