**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CONRAD GOROSPE; SHIRLEY
GOROSPE,
              *Petitioners-Appellants,*

              v.

COMMISSIONER OF INTERNAL
REVENUE,
              *Respondent-Appellee.*

No. 04-73277

Tax Ct. No.
13116-02L

AMENDED
OPINION

Appeal from a Decision of the
United States Tax Court

Argued and Submitted
April 5, 2006—Pasadena, California

Filed June 21, 2006

Before: Jerome Farris, Ferdinand F. Fernandez, and
Sidney R. Thomas, Circuit Judges.

Opinion by Judge Thomas

## COUNSEL

A. Lavar Taylor, Santa Ana, California, for the appellants.

Bridget M. Rowan, Anthony T. Sheehan, Johnathan S. Cohen, Eileen J. O'Connor, United States Department of Justice, Washington, D.C., for the appellee.

## OPINION

THOMAS, Circuit Judge:

The appeal presents the question of whether the United States Tax Court has plenary jurisdiction to hear all appeals from collection due process ("CDP") proceedings before the Internal Revenue Service ("IRS"). We reaffirm the principle that the Tax Court's jurisdiction over appeals from CDP determinations is limited to issues over which the Tax Court would have had jurisdiction to consider the underlying tax liability.

I

When a taxpayer fails to pay his federal taxes, after the IRS demands payment, the amount due becomes a "lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. The lien attaches immediately to the taxpayer's property, 26 U.S.C. § 6322, and becomes effective against certain third parties after the IRS has filed notice, 26 U.S.C. § 6323(f). The IRS may enforce the lien by levying the property of the delinquent taxpayer. 26 U.S.C. § 6331(a). The IRS must also notify a taxpayer before imposing a levy. 26 U.S.C. § 6331(d).

Once the IRS has notified a taxpayer of its intent to file a notice of lien or to impose a levy, the taxpayer has the right to a CDP hearing before the IRS Office of Appeals, and is entitled to raise defenses and to contest the levy or lien. 26 U.S.C. § 6330(c)(2)(A).[1] After receiving a determination from

---

[1] Section 6320(c) looks to § 6330 for issues regarding hearings, review of decisions, and suspensions. Therefore, we discuss the procedural

the IRS Office of Appeals, a taxpayer may seek judicial review, either in the Tax Court or in district court. 26 U.S.C. § 6330(d). This appeal concerns the boundaries of the Tax Court's jurisdiction in CDP appeals.

In 1999, the IRS sought liens against Dr. Conrad and Shirley Gorospe ("Taxpayers") to collect their 1992, 1993, 1994, and 1997 income taxes. It also sought a levy against Dr. Gorospe to collect trust fund recovery penalties for taxes that he withheld from his employees' paychecks, but failed to pay to the government. The IRS sent Taxpayers CDP notices, and Taxpayers filed a timely request for a hearing before the IRS Office of Appeals.

In 2002, the IRS Office of Appeals sent Taxpayers three separate Notices of Determination. The first Notice sustained the lien based on Taxpayers' unpaid 1992-1994 income taxes. The second Notice sustained the lien based on Taxpayers' unpaid 1997 income taxes. The third Notice sustained the levy based on the trust fund recovery penalties that Dr. Gorospe owed.

Taxpayers appealed all three Determinations to the Tax Court. The IRS moved to dismiss the appeal of the trust fund recovery penalty determination, arguing that the Tax Court lacked subject matter jurisdiction over the underlying tax liability. The Tax Court agreed, and dismissed Taxpayers' appeal of the trust fund recovery penalty determination.

Taxpayers sought a Federal Rule of Civil Procedure 54(b) determination from the Tax Court, which was denied. Undaunted, they appealed the Tax Court's dismissal of the trust fund recovery penalty appeal to this court, and we dismissed for lack of appellate jurisdiction. Taxpayers then

requirements as outlined in § 6330 in discussing both the liens and the levy.

entered into a stipulation with the IRS, in which they admitted the validity of the income tax liens, and the Tax Court entered final judgment. Taxpayers again seek review of the Tax Court's dismissal of their trust fund recovery penalty determination appeal in this court. We review de novo the Tax Court's dismissal of an appeal for lack of subject matter jurisdiction. *Estate of Branson v. Comm'r*, 264 F.3d 904, 908 (9th Cir. 2001).

## II

**[1]** The Tax Court is an Article I "court of limited jurisdiction and lacks general equitable powers." *Comm'r v. McCoy*, 484 U.S. 3, 7 (1987) (per curiam). Its subject matter jurisdiction is statutorily granted by 26 U.S.C. § 7442, and is defined and limited by Title 26 of the United States Code. *Estate of Branson*, 264 F.3d at 908. Thus, we must consider whether Congress authorized the Tax Court to hear appeals of the IRS Office of Appeals's determinations in trust fund recovery penalty cases. The plain language of 26 U.S.C. § 6330(d) requires us to hold that Congress did not so intend.

We first "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. [Any] inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) (internal quotation marks omitted).

26 U.S.C. § 6330(d) states:

> (d)    Proceeding after hearing.
>
>> (1)    Judicial review of determination. The person may, within 30 days of a determination under this section, appeal such determination —

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

**[2]** Taking this language at face value, it is apparent that the Tax Court does not have plenary jurisdiction over appeals of CDP determinations. Rather, it has jurisdiction only where it would have had jurisdiction to consider the underlying tax liability. Where the Tax Court would not have had jurisdiction over the underlying tax liability, jurisdiction rests in the district courts. *Moore v. Comm'r*, 114 T.C. 171, 175 (2000) ("[s]ection 6330(d)(1)(A) and (B) provides for Tax Court jurisdiction except where the Court does not normally have jurisdiction over the underlying liability.").[2]

---

[2]To the extent that out-of-circuit precedent is persuasive, we note that it overwhelmingly supports our interpretation of § 6330. *See*, *e.g.*, *Robinette v. Comm'r*, 439 F.3d 455, 458 (8th Cir. 2006) ("The statute also affords a right of judicial review of the determination by the impartial hearing officer, in either the Tax Court or a United States District Court, depending on whether the Tax Court has jurisdiction. *Id.* § 6330(d)(1)."); *Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004) (per curiam) ("The presumption is that review should be sought in the Tax Court, but in cases where the Tax Court lacks jurisdiction, the taxpayer may seek review in the district court."); *Marino v. Brown*, 357 F.3d 143, 146 (1st Cir. 2004) (per curiam) (finding that the Tax Court has exclusive jurisdiction over CDP determinations based on income tax liabilities and noting that the district court would have had jurisdiction had the determination involved employment tax liabilities); *Borges v. United States*, 317 F. Supp. 2d

**[3]** The flush language at the end of § 6330(d), which modifies both § 6330(d)(1)(A) and § 6330(d)(1)(B) and explains what to do where an "appeal was to an incorrect court," mandates this conclusion. It provides that "the district court can determine that appeal should have been to [the Tax] Court, and [the Tax Court] can determine that appeal should have been to the district court." *Johnson v. Comm'r*, 117 T.C. 204, 211 (2001) (Vasquez, J, concurring). If the Tax Court has plenary jurisdiction, it would be impossible for an appeal in the Tax Court to have been taken to "an incorrect court," and the flush language at the end of § 6330(d) would have been written so as to apply only to cases in which a taxpayer attempts to invoke the jurisdiction of the district courts.

**[4]** The conclusion that the Tax Court lacks jurisdiction over CDP appeals where it would lack jurisdiction over the underlying tax liability is also supported by "the broader context of the statute as a whole." *Robinson*, 519 U.S. at 341. In other sections of the Tax Code, Congress explicitly provided for exclusive jurisdiction in the district courts, with limited concurrent jurisdiction in the Tax Court. *See*, *e.g.*, 26 U.S.C. § 7429(b)(2)(A) ("Except as provided in subparagraph (B), the district courts of the United States shall have exclusive jurisdiction over any civil action for a determination under this subsection."). Had Congress intended to enact a similar

1276, 1281 (D. N. M. 2004) ("Because the Tax Court does not have jurisdiction over employment tax liabilities, the district court is the proper court in which to seek review of an administrative determination regarding the assessment of employment taxes."); *Abu-Awad v. United States*, 294 F. Supp. 2d 879, 886-887 (S.D. Tx. 2003) ("Because the Tax Court does not have jurisdiction with respect to employment tax liability, the district court is the proper court in which to file a complaint contesting the assessment of employment taxes."). Taxpayers' arguments to the contrary, based on *Hoffman v. Comm'r*, 119 T.C. 140 (2002), *Landry v. Comm'r*, 116 T.C. 60 (2001), *Dogwood Forest Rest Home, Inc. v. United States*, 181 F. Supp. 2d 554 (M.D. N.C. 2001), and *ACT Restoration, Inc. v. United States*, 1999 U.S. Dist. LEXIS 16015 (N.D. Fla. 1999), do not withstand scrutiny.

scheme in § 6330, it would have done so. *Johnson*, 117 T.C. at 212 (Vasquez, J, Concurring). Moreover, 26 U.S.C. § 6015(e)(1)(A) also states that "the individual may petition the Tax Court (and the Tax Court shall have jurisdiction)", but that provision has never been interpreted to give the Tax Court unlimited jurisdiction. *Johnson*, 117 T.C. at 212-13. We will not ascribe different meaning to the identical language in § 6015 and § 6330. Thus, if the Tax Court's jurisdiction is not plenary under § 6015(e)(1)(A), it cannot be plenary under § 6330(d)(1)(A), either.

Taxpayers argue that despite the clear language of § 6330 and the Tax Code as a whole, § 6330(d)(1)(A) grants plenary jurisdiction to the Tax Court to review CDP determinations, regardless of the tax liability upon which they are based. They dismiss the flush language following (d)(1)(B) because "the failure of Congress to use the phrase 'District Court' instead of 'a court' . . . must be viewed as an oversight." However, this argument ignores a fundamental precept of statutory interpretation. We cannot dismiss the flush language as an "oversight" because "[i]f Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think . . . is the preferred result." *Lamie v. United States Trustee*, 540 U.S. 526, 542 (2004).

Taxpayers also argue that a literal interpretation of § 6330 would strip the Tax Court of almost its entire grant of jurisdiction because the Tax Court has jurisdiction only over disputes concerning unassessed taxes. Because CDP hearings occur after taxes have been assessed, the argument goes, the Tax Court would never have jurisdiction over the "underlying tax liability." Taxpayers' argument proves too much: if the Tax Court would *never* have jurisdiction of the underlying tax liability, then the district court would *always* have concurrent jurisdiction, and the flush language after § 6330(d)(1)(B) would be superfluous. We will not interpret one provision of

a statute so as to render another provision surplusage. *Freytag v. Comm'r*, 501 U.S. 868, 877 (1991) ("Our cases consistently have expressed a deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment." (internal quotation marks omitted)).

**[5]** Finally, Taxpayers argue that the more efficient interpretation of § 6330 would permit the Tax Court to hear appeals of trust fund recovery penalty determinations when those appeals are related to others properly before the Tax Court. However, the plain language of the statute is clear, and we are bound by it, regardless of our own notions of judicial efficiency. The language of § 6330(d)(1)(A) does not suggest — even slightly — that the Tax Court has supplemental jurisdiction over CDP determinations involving trust fund recovery penalties when those determinations are related to other claims properly before the Tax Court. Though providing a single forum to resolve related tax disputes might be the more efficient approach, we are not legislators, and we must decline Taxpayers' invitation to write a supplemental jurisdiction statute similar to 28 U.S.C. § 1367 into the Tax Code. *See Lamie*, 540 U.S. at 542.[3]

## III

**[6]** Therefore, for these reasons, we must affirm the Tax Court's dismissal for lack of subject matter jurisdiction of Taxpayers' appeal of the trust fund recovery penalties determination.

**AFFIRMED.**

---

[3]It is also worth noting that in this case, a holding that the Tax Court has jurisdiction to hear appeals of CDP determinations involving trust fund recovery penalties would not aid Taxpayers in their quest for judicial efficiency. They stipulated with the IRS as to the validity of the determinations based on their failure to pay income taxes in 1992-1994 and 1997. Thus, the only issue remaining in their case concerns the trust fund recovery penalties.