MEMORANDUM **
Steven and Louise Booth appeal pro se from the Tax Court’s order dismissing for lack of jurisdiction their petition for an order ' compelling the Internal Revenue Service (“IRS”) to issue a determination letter regarding lien and levy notices, and from the Tax Court’s order denying their motion for reconsideration. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review de novo the Tax Court’s dismissal for lack of subject matter jurisdiction, Gorospe v. Comm’r, 451 F.3d 966, 968 (9th Cir.2006), and we affirm.
Dismissal was proper because the Booths failed to avail themselves of a collection due process (“CDP”) hearing regarding the initial lien and levy notices, and, thus, the Tax Court lacked jurisdiction to compel a CDP hearing or the issuance of a determination letter that would result from a CDP hearing. See 26 U.S.C. § 6320(c) (conferring jurisdiction to the Tax Court for review of a lien notice only after a taxpayer requests and receives a CDP hearing and the IRS issues a determination letter based upon the hearing); 26 U.S.C. § 6330 (same for levy notice); see also 26 C.F.R. § 301.6320-1(b)(2) (requiring taxpayer to request hearing upon filing of first lien notice); 26 C.F.R. § 301.6330-1(b)(2) (same for levy notice); Gorospe, 451 F.3d at 968 (explaining that the Tax Court’s subject matter jurisdiction is statutorily limited by Title 26 of the United States Code).
Contrary to the Booths’ contention, the Tax Court properly considered arguments raised by the IRS in its supplemental briefing as to why the Booths are not entitled to a hearing and determination letter. See S.F. BayKeeper v. Whitman, 297 F.3d 877, 886 (9th Cir.2002) (“[W]hen a *734 court considers a claim that an agency has failed to act in violation of a legal obligation, review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record.”) (internal citations and quotation marks omitted).
The Tax Court did not abuse its discretion by denying the Booths’ motion for reconsideration because the motion provided no basis to suggest the dismissal was in error. See Parkinson v. Comm’r, 647 F.2d 875, 876 (9th Cir.1981) (per curiam) (“The Tax Court’s denial of a motion for reconsideration will not be overturned on appeal absent a clear abuse of discretion.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.