**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GINN DOOSE,

                Petitioner - Appellant,

   v.

COMMISSIONER OF INTERNAL
REVENUE,

                Respondent - Appellee.

No. 10-70731

Tax Ct. No. 29738-08L

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

    Ginn Doose appeals pro se from the Tax Court's decision, after a trial,

upholding the Internal Revenue Service's ("IRS") determination to collect by levy

unpaid federal income taxes for 2002, 2004, and 2005. She also appeals from the

Tax Court's decision dismissing for lack of jurisdiction her challenge concerning

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

tax year 2006. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo both the Tax Court's dismissal for lack of subject matter jurisdiction, *Gorospe v. Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006), and its legal conclusions following a trial, *Charlotte's Office Boutique, Inc. v. Comm'r*, 425 F.3d 1203, 1211 (9th Cir. 2005). We affirm.

The Tax Court properly determined that the IRS did not abuse its discretion by sustaining the proposed levy after Doose rejected the IRS's proposed payment plan taking into account her economic situation and failed to propose a collection alternative. *See Fargo v. Comm'r*, 447 F.3d 706, 709 (9th Cir. 2006) (reviewing Commissioner's actions for an abuse of discretion); *see also* 26 U.S.C. § 6330(c)(3)(C); *Sinyard v. Comm'r*, 268 F.3d 756, 758 (9th Cir. 2001) ("The discharge by a third person of an obligation to him is equivalent to receipt by the person taxed." (citation and internal quotation marks omitted)).

The Tax Court properly granted the Commissioner's motion to dismiss for lack of jurisdiction as to Doose's challenges concerning tax year 2006 because there was no notice of determination for that year. *See* 26 U.S.C. § 6330(d)(1) (conferring jurisdiction to the Tax Court for review of a levy notice only after the IRS issues a determination based upon a collection due process hearing concerning the taxable period to which the unpaid tax relates); Tax Ct. R. 330(b) (Tax Court

shall have jurisdiction over a levy action when the conditions of § 6330(d) have been satisfied); *Gorospe*, 451 F.3d at 968 (Tax Court's subject matter jurisdiction is statutorily limited by Title 26 of the United States Code). Similarly, Doose's contentions concerning tax liabilities for 1990 were not properly before the Tax Court. *See* 26 U.S.C. § 6330(d)(1); Tax Ct. R. 330(b).

We do not consider issues that Doose failed to raise in the collection due process hearing. *See* Treas. Reg. § 301.6330-1(f)(2) Q&A F3.

Doose's remaining contentions are unpersuasive.

**AFFIRMED.**

10-70731