**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMNIK TRIVEDI; MRUDULA TRIVEDI,<br><br>          Petitioners - Appellants,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>          Respondent - Appellee. | No. 11-71185<br><br>Tax Ct. No. 26468-10<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Ramnik and Mrudula Trivedi appeal pro se from the Tax Court's decision dismissing for lack of subject matter jurisdiction their petition concerning tax years 1992 and 1993. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, the Trivedis' request for oral argument is denied.

novo, *Gorospe v. Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006), and affirm.

The Tax Court properly dismissed the Trivedis' petition for lack of subject matter jurisdiction because the Trivedis did not file their petition within 30 days of a notice of determination concerning a notice of lien or intent to levy. *See* 26 U.S.C. § 6330(d)(1) (establishing a 30-day requirement for appealing a notice of determination concerning a notice of intent to levy to the Tax Court); *Gorospe*, 451 F.3d at 968 (the Tax Court is a court of limited jurisdiction, and its subject matter jurisdiction is defined by Title 26 of the United States Code; a taxpayer may seek judicial review in the Tax Court after he or she appeals a notice of lien or intent to levy and receives a determination from the IRS, as provided for in 26 U.S.C. § 6330); *see also* 26 U.S.C. § 6320(c) (§ 6330(d) applies to notices of lien).

Contrary to the Trivedis's contention, the November 2010 denial of a Collection Due Process ("CDP") hearing concerning the March 2010 Notice of Lien did not provide a basis for jurisdiction because the March 2010 Notice of Lien dealt with the same tax and tax period as an earlier notice, for which the Trivedis had already received a CDP hearing. *See* 26 U.S.C. § 6320(b)(2) (one hearing rule); Treas. Reg. § 301.6320-1(b)(2) Q&A B4 (a taxpayer is not entitled to a CDP hearing based on a second CDP notice except in limited circumstances); *cf.* Treas. Reg. § 301.6320-1(d)(2) Q&A D1 (exception to one hearing rule where tax

involved is a different type of tax, or where the amount of unpaid tax has changed because additional taxes or penalties have been assessed); *Gorospe*, 451 F.3d at 968 (Tax Court does not have plenary jurisdiction over appeals of CDP determinations).

Moreover, the October 2010 Notice of Intent to Levy did not provide a basis for jurisdiction because the Trivedis did not request or receive a CDP determination concerning that notice. *See Gorospe*, 451 F.3d at 968.

Furthermore, the denial of the Trivedis' request for a Collections Appeals Program hearing is not subject to judicial review. *See* Treas. Reg. § 301.6320-1(b)(2) Q&A B5 (an administrative hearing before Appeals under its Collection Appeals Program is not a CDP hearing under § 6320, and any determination resulting from such a hearing is not subject to judicial review under § 6320); Treas. Reg. § 301.6330-1(b)(2) Q&A B5 (same as to § 6330).

The Tax Court did not abuse its discretion by denying the Trivedis' motion to vacate the dismissal of their petition. *See Thomas v. Lewis*, 945 F.2d 1119, 1123-24 (9th Cir. 1991) (setting forth the standard of review and concluding that the court did not err by denying the motion to vacate where the movant presented no arguments that the court had not already considered).

The Trivedis's contentions concerning the IRS's evidence and its alleged

factual misrepresentations, settlement, and the statute of limitations for collections are unpersuasive.

**AFFIRMED.**

11-71185