T.C. Memo. 2016-89

UNITED STATES TAX COURT

GINN DOOSE a.k.a. VIRGINIA DOOSE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21994-14L.                    Filed May 4, 2016.

Virginia Doose, pro se.

Kimberly L. Clark, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, Judge:  This case was commenced in response to a Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330,[1]

_____

    [1] Unless otherwise indicated, all section references are to the Internal
Revenue Code of 1986, as amended and in effect at all relevant times.

[*2] sustaining respondent's Notice of Intent to Levy to collect petitioner's unpaid Federal income tax liabilities for 2007 and 2008. The issues for decision are: (1) whether petitioner is liable for the underlying tax liabilities and additions to tax for 2007 and 2008; and (2) whether the determination to proceed with the collection action was an abuse of discretion. Respondent has conceded that petitioner is in "Currently Not Collectible" status, but petitioner still sought trial.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner lived in California at the time her petition was filed.

Petitioner declared bankruptcy in 1990, and her bankruptcy was discharged in 1991. Petitioner believed that the bankruptcy discharge relieved her of the duty to pay taxes in the future and has challenged prior collection actions by the Internal Revenue Service on this basis. We rejected those arguments in Doose v. Commissioner, T.C. Memo. 2010-18, 2010 WL 342796 (sustaining a notice of determination for collection actions with respect to petitioner's tax liabilities for 2002, 2004, and 2005), aff'd, 457 F. App'x 632 (9th Cir. 2011). Petitioner remains undeterred, now challenging collection actions with respect to her tax liabilities for 2007 and 2008 on the same basis.

**[*3]**  Petitioner timely filed her 2007 Federal income tax return showing tax due of $2,283.  She failed to pay the tax shown as due, and on June 2, 2008, respondent assessed interest of $17.14 and an addition to tax for failure to pay timely under section 6651(a)(2) of $21.70, in addition to the tax petitioner had reported but did not pay.

Petitioner failed to file her 2008 Federal income tax return, and respondent prepared a substitute for return under section 6020(b).  On October 17, 2011, respondent mailed a notice of deficiency to petitioner's last known address (which is her current mailing address on record with the Court).  Petitioner did not file a petition with this Court, and on February 27, 2012, respondent assessed tax of $348, interest of $48.61, and additions to tax of $135 and $50.75 under section 6651(a)(1) and (2), respectively.

On October 14, 2013, respondent issued a Notice of Intent to Levy for 2007 and 2008.  On October 21, 2013, petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing.

Settlement Officer Thomas Erwin (SO Erwin) was assigned the case in January 2014.  In February 2014 SO Erwin noted that "it does appear * * * [petitioner] is raising the issue/existence of the liability."  In April 2014 petitioner submitted a revised Form 1040, U.S. Individual Income Tax Return, for 2007 in

[*4] which she claimed a deduction from adjusted gross income for the amounts respondent levied to pay taxes that petitioner owed for prior years. Petitioner also submitted a Form 1040 for 2008, similar to the substitute for return that respondent had prepared, reporting most, but not all, of the income shown on the notice of deficiency.

In May 2014 the case was transferred to Settlement Officer Charles Duff (SO Duff), who reviewed petitioner's claims and set up a face-to-face administrative hearing for August 14, 2014. In the hearing petitioner again argued that as a result of the bankruptcy discharge she would never owe taxes in the future, and SO Duff informed her that her view was incorrect. During the hearing (and in the notice of determination that followed), SO Duff indicated to petitioner that his determination was to sustain the Notice of Intent to Levy, but he would place the case in currently not collectible status because her current financial statements showed an inability to make payments on her current tax debts. Petitioner agreed with this alternative but did not want to waive her opportunity to challenge the determination in Tax Court.

The Appeals Office issued the notice of determination to petitioner on September 2, 2014. Petitioner timely filed a petition for redetermination on September 15, 2014. At trial petitioner testified that SO Duff had asked her about

[*5] all the details of the case; she further opined that he was "honest". She did not challenge whether he had verified that the proper procedures were followed (nor did we identify any irregularities on our review of the administrative record). Rather, her only challenge is based on the same arguments that we rejected in Doose, as noted above.

## OPINION

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after notice and demand for payment. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify the taxpayer of the Secretary's intention to levy. Sec. 6331(d)(1). The Secretary also must notify the taxpayer of her right to an administrative hearing. Sec. 6330(a)(1).

The taxpayer may request an administrative hearing by the Appeals Office. Sec. 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action. Sec. 6330(c)(2)(A). A taxpayer may challenge the existence or amount of her underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). The Appeals officer must consider whether the proposed collection action balances the need for

**[\*6]** efficient collection against the taxpayer's concern that collection be no more intrusive than necessary. Sec. 6330(c)(3)(C). The Appeals officer also must verify that the requirements of any applicable law and administrative procedure have been met. Sec. 6330(c)(1). Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court. Sec. 6330(d)(1).

Where the underlying tax liability is properly at issue, we review the determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). If the taxpayer's underlying tax liability is not properly at issue, we review the Appeals officer's determination for abuse of discretion. Id.

Underlying Liability

Petitioner's underlying tax liability is properly at issue for 2007. There is no record of her having received a notice of deficiency for that year, and petitioner raised the issue in the administrative hearing, providing a "revised" Form 1040 in which she claimed a deduction for moneys levied to pay prior tax liabilities. Therefore, we review de novo the underlying tax liability for 2007.

Petitioner makes two arguments in support of the deduction: (1) her bankruptcy discharge in 1991 absolved her of future tax payments; and (2) in any event, she was allowed to deduct the amount that had been levied from her wages

**[*7]** to pay her outstanding tax liabilities from previous years because she had never received the money that had been levied from her wages.

In Doose, petitioner made these same arguments on similar facts. We rejected these arguments then, and we do so again for the same reasons. Since petitioner did not present any new arguments about her 2007 tax liability, we sustain the 2007 tax liability.

Petitioner challenges her 2008 tax liability on a similar basis and argues that the refund she believes she is owed for 2007 should be applied to her 2008 tax liability. Although respondent permitted petitioner to challenge the 2008 tax liability, she received a statutory notice of deficiency for 2008, and that was her opportunity to challenge the tax liability for that year. She therefore is precluded from challenging the 2008 tax liability now. See sec. 6330(c)(2)(B); sec. 301.6330-1(e)(3), Q&A-E11, Proced. & Admin. Regs. Even were she permitted, we would reject her challenge for the reasons stated above and in Doose (namely, she is not entitled to any refund for 2007).

Abuse of Discretion

To show an abuse of discretion, petitioner must establish that the action of the Appeals officer was arbitrary, capricious, or without foundation in fact or law. See, e.g., Doose v. Commissioner, 2010 WL 342796, at *3. Petitioner offered no

[*8] evidence that SO Duff's actions were arbitrary, capricious, or unlawful. In fact, petitioner testified that SO Duff's actions during the administrative hearing were fair. SO Duff verified that the requirements of all applicable law and administrative procedure were met, considered all issues that petitioner had raised (namely, her arguments regarding the effect of her bankruptcy), and considered whether the collection action balanced the need for efficient tax collection against petitioner's concern that the collection be no more intrusive than necessary (putting her case in currently not collectible status). Therefore, we hold that SO Duff did not abuse his discretion by sustaining the proposed collection action.

On the basis of the administrative record and the notice of determination, we therefore sustain the proposed collection action.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.