**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 2 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SEAN C. McWHINNEY; CONNIE PEDERSEN,<br><br>        Petitioners-Appellants,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>        Respondent-Appellee. | No.   16-72590<br><br>Tax Ct. No.  19464-15<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Sean C. McWhinney and Connie Pedersen ("taxpayers") appeal from the

Tax Court's order dismissing for lack of subject matter jurisdiction their petition

for redetermination challenging the notice of deficiency for the tax years 2011 and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2012. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's dismissal for lack of subject matter jurisdiction, *Gorospe v. Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006), and we affirm.

The Tax Court properly dismissed taxpayers' petition for lack of subject matter jurisdiction because taxpayers failed to file their petition within ninety days from the mailing of the notice of deficiency. *See* 26 U.S.C. § 6213(a) (petition for redetermination must be filed "[w]ithin 90 days . . . after the notice of deficiency . . . is mailed"); *Correia v. Comm'r*, 58 F.3d 468, 469 (9th Cir. 1995) ("The timely filing of a petition for redetermination is a jurisdictional requirement.").

Contrary to taxpayers' contention, the notice of deficiency was valid because it was sent to taxpayers' last known address. *See* 26 U.S.C. § 6212(b)(1); *Williams v. Comm'r*, 935 F.2d 1066, 1067 (9th Cir. 1991) ("A notice of deficiency is valid if it is mailed to the taxpayer's last known address even if it is not received by the taxpayer."); *see also United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984) (explaining that the last known address is the one "on [the taxpayer's] most recent return, unless the taxpayer communicates to the IRS clear and concise notice of a change of address"). We reject as without merit taxpayers' contentions that the notice of deficiency was not valid because it was not mailed to their power of

2                                                                                      16-72590

attorney, and that the issuance of the deficiency notice deprived taxpayers of their day in court.

**AFFIRMED.**

16-72590