NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY RAYMOND HARVEY; BERNICE C. HARVEY, | No. 16-73643 |
| Petitioners-Appellants, | Tax Ct. No. 9526-16 |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted September 12, 2018**

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Gary Raymond Harvey and Bernice C. Harvey appeal pro se from the Tax

Court's order dismissing for lack of subject matter jurisdiction their petition

regarding the Commissioner of Internal Revenue's collection of taxes for tax years

1989-1992, 1994-1999, and 2003-2005.  We have jurisdiction under 26 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 7482(a)(1). We review de novo the Tax Court's dismissal for lack of subject matter jurisdiction. *Gorospe v. Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006). We affirm.

The Tax Court properly concluded that it lacked jurisdiction over the Harveys' petition because the Harveys did not file it within 90 days of a notice of deficiency or 30 days of a notice of determination. *See* 26 U.S.C. § 6213(a) (establishing a 90-day requirement for appealing a notice of deficiency); 26 U.S.C. § 6330(d)(1) (establishing a 30-day requirement for appealing a notice of determination concerning notices of lien or notices of intent to levy); *Gorospe*, 451 F.3d at 968 (the tax court is a court of limited jurisdiction, and its subject matter is defined by Title 26 of the United States Code).

The Tax Court did not abuse its discretion in denying the Harveys' motion for reconsideration because the Harveys did not establish grounds for relief. *See Parkinson v. Comm'r*, 647 F.2d 875, 876 (9th Cir. 1981) (standard of review).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**