NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN MICHAEL CRIM,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

No.   17-72701

Tax Ct. No.  1638-15

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted November 9, 2018[**]
Seattle, Washington

Before:  McKEOWN and FRIEDLAND, Circuit Judges, and COLLINS,[***] District Judge.

John Crim appeals the dismissal of his petition before the U.S. Tax Court for

lack of jurisdiction, the denial of his request for jurisdictional discovery, and the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

denial of his motion to recuse all judges of the Tax Court.  Because the parties are familiar with the facts, we do not repeat them here.  We have jurisdiction under 26 U.S.C. § 7482(a)(1), and we affirm.

We review de novo Crim's claim that the Tax Court had subject matter jurisdiction over his petition.  *Gorospe v. Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006).  Because Crim has not presented any evidence that the IRS filed a notice of a federal tax lien or a final intent to levy against him, that he requested a collection due process hearing with the IRS Office of Appeals, that he attended an Office of Appeals collection due process hearing, or that the Office of Appeals made any "determination" addressing a disputed lien or levy, the Tax Court lacked jurisdiction over Crim's petition under 26 U.S.C. § 6320 and § 6330.  Any argument that *Craig v. Commissioner*, 119 T.C. 252 (2002), commands a different result has been forfeited.  *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487-88 (9th Cir. 2010).  Crim also forfeited the arguments raised for the first time in his reply brief that the Administrative Procedures Act, 5 U.S.C. § 706(1), and the All Writs Act, 28 U.S.C. § 1651, provide jurisdiction here.  The failure to find jurisdiction on these grounds was not plain error.

We review for abuse of discretion Crim's claim that the Tax Court improperly denied his request for jurisdictional discovery.  *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).  Because Crim has not made "the clearest

showing that denial of discovery results in actual and substantial prejudice," we conclude that the Tax Court did not abuse its discretion. *Id.* (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).

Given that the Tax Court lacked jurisdiction over Crim's petition, we decline to exercise our "discretionary jurisdiction" over the recusal motion. *See Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 981 n.4 (9th Cir. 2007).

**AFFIRMED**.