**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN HENRY RYSKAMP,<br><br>              Petitioner-Appellant,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL<br>REVENUE,<br><br>              Respondent-Appellee. | No. 18-71325<br><br>Tax Ct. No. 3899-18<br><br>MEMORANDUM* |

Appeal from a Decision of the
United States Tax Court

Submitted March 12, 2019**

Before:     LEAVY, BEA, and N.R. SMITH, Circuit Judges.

John Henry Ryskamp appeals pro se from the Tax Court's order dismissing

for lack of subject matter jurisdiction his petition regarding his tax liabilities for tax

year 2018.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review de

novo the Tax Court's dismissal for lack of subject matter jurisdiction.  *Gorospe v.*

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006).  We affirm.

The Tax Court properly concluded that it lacked jurisdiction over Ryskamp's petition because the Internal Revenue Service's document that formed the basis for Ryskamp's petition was not a notice of determination.  *See* 26 U.S.C. § 6330 (notice of determination); *Gorospe*, 451 F.3d at 968 (the Tax Court is a court of limited jurisdiction, and its subject matter is defined by Title 26 of the United States Code).  Contrary to Ryskamp's contentions, his substantive due process arguments do not confer jurisdiction on the Tax Court.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Ryskamp's request for class certification, set forth in his opening brief, is denied.

**AFFIRMED.**

18-71324