**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN HENRY RYSKAMP, | No. 18-71324 |
| Petitioner-Appellant, | Tax Ct. No. 20628-17 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted March 12, 2019[**]

Before:     LEAVY, BEA, and N.R. SMITH, Circuit Judges.

John Henry Ryskamp appeals pro se from the Tax Court's order dismissing

for lack of subject matter jurisdiction his petition regarding his tax liabilities for tax

years 2003, 2005-2006, and 2008-2010.  We have jurisdiction under 26 U.S.C.

§ 7482(a)(1).  We review de novo the Tax Court's dismissal for lack of subject

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

matter jurisdiction. *Gorospe v. Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006). We affirm.

The Tax Court properly concluded that it lacked jurisdiction over Ryskamp's petition because the Internal Revenue Service's letter that formed the basis for Ryskamp's petition was not a notice of deficiency or a notice of determination. *See* 26 U.S.C. § 6212 (notice of deficiency); 26 U.S.C. § 6330 (notice of determination); *Gorospe*, 451 F.3d at 968 (the Tax Court is a court of limited jurisdiction, and its subject matter is defined by Title 26 of the United States Code). Contrary to Ryskamp's contentions, his substantive due process arguments do not confer jurisdiction on the Tax Court.

We reject as without merit Ryskamp's contention that the Tax Court judge was biased against him.

All pending requests and motions are denied.

**AFFIRMED.**