**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM L. YOUNG, | No. 18-73367 |
| Petitioner-Appellant, | Tax Ct. No. 3345-18 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted July 14, 2020**

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

William L. Young appeals pro se from the Tax Court's order dismissing for

lack of jurisdiction his petition regarding his tax liabilities for the 2007 to 2012 tax

years. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo.

*Gorospe v. Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006). We may affirm on any

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

basis supported by the record.  We affirm.

The Tax Court properly concluded that it lacked jurisdiction over Young's petition because the petition was untimely.  *See Scar v. Comm'r*, 814 F.2d 1363, 1366 (9th Cir. 1987) (Tax Court may exercise its jurisdiction only when the IRS issues a notice of deficiency and the taxpayer files a timely petition for redetermination); *Wilson v. Comm'r*, 564 F.2d 1317, 1319 (9th Cir. 1977) (90-day period for petitioning the Tax Court commences on the date of mailing the notice of deficiency).

Contrary to Young's contention, the notices of deficiency were admissible under the public records exception.  *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (discussing public records exception).

**AFFIRMED.**