**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN HENRY RYSKAMP,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee.

No.    19-72626

Tax Ct. No.  6595-19

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted August 5, 2020[**]

Before:      SCHROEDER, HAWKINS, and LEE, Circuit Judges.

John Henry Ryskamp appeals pro se from the Tax Court's order dismissing

for lack of subject matter jurisdiction his petition regarding his tax liabilities for tax

years 2003, 2005, 2006, 2008, 2009, 2010, and 2018.  We have jurisdiction under

26 U.S.C. § 7482(a)(1).  We review de novo the Tax Court's dismissal for lack of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

subject matter jurisdiction. *Gorospe v. Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006). We affirm.

The Tax Court properly concluded that it lacked jurisdiction over Ryskamp's petition because the Internal Revenue Service's Notice LT16 that formed the basis for Ryskamp's petition was not a notice of deficiency or a notice of determination. *See* 26 U.S.C. § 6212 (notice of deficiency); 26 U.S.C. § 6330 (notice of determination); *Gorospe*, 451 F.3d at 968 (the Tax Court is a court of limited jurisdiction, and its subject matter is defined by Tile 26 of the United States Code). Contrary to Ryskamp's contentions, his substantive due process arguments do not confer jurisdiction on the Tax Court.

We reject at unsupported by the record Ryskamp's contention that the Tax Court was biased against him.

The Commissioner's motion for sanctions in the amount of $8,000 (Docket Entry No. 10) is granted. *See* Fed. R. App. P. 38; *Grimes v. Comm'r*, 806 F.2d 1451, 1454 (9th Cir. 1986) ("Sanctions are appropriate when the result of an appeal is obvious and the arguments are wholly without merit.").

**AFFIRMED.**

19-72626