**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY FUJITA, | No. 19-72430 |
| Petitioner-Appellant, | Tax Ct. No. 296-19 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM [*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted August 5, 2020[**]

Before:     SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Gary Fujita appeals pro se from the Tax Court's order dismissing for lack of

subject matter jurisdiction his petition regarding his tax liabilities for the 1994 to

2018 tax years.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review de

novo.  *Gorospe v. Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006).  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The Tax Court properly concluded that it lacked jurisdiction over Fujita's petition because Fujita did not file his petition within 90 days of a notice of deficiency or 30 days of a notice of determination. *See* 26 U.S.C. § 6213(a) (establishing a 90-day requirement for appealing a notice of deficiency); *id*. at §§ 6320(c) & 6330(d)(1) (establishing a 30-day requirement for appealing a notice of determination concerning notices of lien or notices of intent to levy); *Gorospe*, 451 F.3d at 968 (the Tax Court is a court of limited jurisdiction, and its subject matter is defined by Title 26 of the United States Code).

The Tax Court did not abuse its discretion by imposing sanctions under 26 U.S.C. § 6673 for maintaining frivolous positions. *See Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993) (standard of review).

**AFFIRMED.**