**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBER I. SAID; GEORGETTE H. SAID, | No. 20-70223 |
| Petitioners-Appellants, | Tax Ct. No. 18597-19 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted February 17, 2021[**]

Before:    FERNANDEZ, BYBEE and BADE, Circuit Judges.

Alber I. Said and Georgette H. Said appeal pro se from the Tax Court's

order dismissing for lack of jurisdiction their petition regarding their tax liabilities

for the 1993 to 1995 tax years. We have jurisdiction under 26 U.S.C. § 7482(a)(1).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Gorospe v. Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006). We affirm.

The Tax Court properly concluded that it lacked jurisdiction over the Saids' petition because the Saids did not file it within 90 days of a notice of deficiency or 30 days of a notice of determination. *See* 26 U.S.C. §§ 6213(a) (establishing a 90-day requirement for appealing a notice of deficiency); 6320(c) & 6330(d)(1) (establishing a 30-day requirement for appealing a notice of determination concerning notices of lien or notices of intent to levy); *Gorospe*, 451 F.3d at 968 (the Tax Court is a court of limited jurisdiction, and its subject matter is defined by Title 26 of the United States Code).

We reject as meritless the Saids' contentions that the Tax Court's final decisions sustaining the deficiency for 1993 to 1995 were reached by fraud or mutual mistake, and that Tax Court Rules 314 and 341 create jurisdiction for their petition.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

20-70223